PRICE *v.* MARTHEN.

| 122 | 655 |
| s124 | 690 |
| 122 | 655 |
| 126 | 599 |
| 122 | 655 |
| s81NW | 551 |

CONTRACTS—PAROL EVIDENCE.

One who signed, without reading, a contract which provided unconditionally for the purchase of a nickel-in-the-slot musical instrument, knowing that the contract was to be forwarded by the agent who took the order to the dealers, cannot show, in defense to an action for the price, a prior parol agreement between the agent and himself that he should take the instrument and operate it upon commission.

Error to Ogemaw; Sharpe, J. Submitted January 11, 1900. Decided January 23, 1900.

*Assumpsit* by Milbert F. Price and Willard F. Main, copartners as the Equitable Manufacturing Company, against William B. Marthen, for goods sold and delivered. From a judgment for defendant, plaintiffs bring error. Reversed.

Plaintiffs were partners, doing business under the firm name of the Equitable Manufacturing Company. Their business was the manufacture and sale of musical instruments known as the "American Musical Automatons." Their place of business was at Iowa City, Iowa. The sale was made through an agent. The contract was in writing, signed by both parties, and was executed in duplicate, — one sent by the agent to the company, and the other delivered to, and retained by, the defendant. The body of the contract was printed. The price was $135. The instrument was put in operation by dropping a nickel in the slot. The contract was forwarded to the plaintiffs. The instrument shipped was received and placed in defendant's saloon, but, as he claimed, failed to work. He thereupon notified the plaintiffs by letter, and subsequently reshipped the instrument to them. He refused payment,

and plaintiffs brought this suit in *assumpsit* to recover the purchase price. Attached to the plea of the general issue was a notice that the contract was obtained by fraud and false representations; that defendant was drunk and intoxicated, and in no condition to know what he was doing; that he did not know the contents of the contract, and did not read it; and that the machine was not as represented.

*F. L. Snodgrass*, for appellants.

*Ross & Harris*, for appellee.

GRANT, J. (*after stating the facts*). There is no testimony that defendant was intoxicated, or that there was fraud or false representation, unless it be that the agent represented to defendant that he could have the machine on commissions. Under the defendant's own testimony, all the talk about commissions was had before the contract was executed. The defendant had ample opportunity to read it. It was his own folly if he chose not to do so. It was not a long one. He knew that it was to be sent by the agent to the plaintiffs, to be acted upon by them. It contained definite terms of payment, and provided for an absolute sale. It was unambiguous. There was nothing in it about commissions. The law does not protect one against his own folly. The case is clearly within the rule of law that written contracts cannot be varied by evidence of prior or contemporaneous parol agreements. The court should have instructed the jury that the written contract in this case controlled.

Judgment reversed, and new trial ordered.

The other Justices concurred.