PRICE *v.* MARTHEN.

SALE—REPAIRS—REASONABLE TIME— QUESTION FOR JURY—RESCIS-SION OF CONTRACT.

A contract of sale of a musical automaton provided that the vendors should have 15 days, after notice that the instrument was not as represented, to elect whether to send a man to make it so, or order it returned to them for examination or repair, or furnish a new instrument, and should have 60 days thereafter in which to repair or replace it. On April 3d the vendee wrote the vendors that the instrument would not work. On April 5th the vendors answered, and directed the vendee not to return it, but to call in a local jeweler to adjust it, and, if he should fail, to notify them promptly. The jeweler was called, but failed to adjust the instrument, and on May 4th the vendee wrote the vendors that it was in bad shape, and that he would return it to them, which he did on May 15th. *Held:*

(1) That the question whether, under such facts, the vendors had proceeded to repair the instrument, as required by the contract, within a reasonable time, was properly submitted to the jury.

(2) That, if the vendors failed in this respect, the vendee had the right to refuse to accept the instrument.

Error to Ogemaw; Sharpe, J. Submitted June 5, 1900. Decided October 31, 1900.

*Assumpsit* by Milbert F. Price and Willard F. Main, copartners as the Equitable Manufacturing Company, against William B. Marthen, for goods sold and delivered. From a judgment for defendant, plaintiffs bring error. Affirmed.

*F. L. Snodgrass*, for appellants.

*Ross & Harris*, for appellee.

MONTGOMERY, C. J. This case was before the court at the January term of the present year, and is reported in

122 Mich. 655 (81 N. W. 551). It was there held that the parties were bound by the written contract relied upon by the plaintiffs. The case has been retried, and defendant has again prevailed, and plaintiffs bring error.

·The defendant gave an order to plaintiffs on a blank furnished by their agent, in which they were designated as the "Equitable Manufacturing Company." This blank contained a description of a musical automaton, stating, among other things, that it would be set in motion by simply dropping a nickel in the slot, and that two tunes would be played for that price. The contract contained a warranty that the instrument would be well made, from good material, and free from defects, and should comply with the representations and descriptions therein made; and, after a provision that the company would furnish repairs for its defective parts free, it proceeds:

"The purchaser must pay the transportation charges both ways when returning the instrument for repairs, except when the instrument fails to operate when first taken from the carrier, if the instrument is taken as hereinafter provided, in which case the Equitable Mfg. Co. will pay transportation charges after repair for return to the purchaser; but purchaser shall not return the instrument without the Equitable Mfg. Co.'s order so to do. \* \* \*"

A condition was inserted that, if the purchaser failed to make payment as provided within 30 days, the failure should release the company from all liability on the warranty. It was also provided that any claim that the instrument was not as represented should be made within five days, and by registered letter, or be deemed waived.

The machine was shipped March 16th by freight. On the 3d of April defendant wrote, stating that the instrument would not work, and that it was held subject to plaintiffs' order. On the 5th the plaintiffs wrote, assuring the defendant that they would see that it ran properly, and suggested that the local jeweler be called in. On the 18th they again wrote the defendant, and on the 2d of May wrote him a third time, asking for information as to

whether the instrument was running satisfactorily. On May 4th the defendant wrote them that the instrument was in bad shape, and that he would ship it back the next week. Not hearing anything from plaintiffs, he shipped the instrument back about the 15th. Plaintiffs refused to receive it, and have brought this action to recover the price.

It appears that plaintiffs promptly answered the letter of May 4th, but that the answer was, by mistake, sent to Jacksonville, Fla., and never reached defendant. On the 16th of May a copy was transmitted to him. The defendant testified that he called in the local jeweler, who, on examination, stated that he was unable to fix the instrument. This fact does not appear to have been reported to plaintiffs.

The circuit judge charged the jury as follows:

"Now, it was the duty of Mr. Marthen, when he received this machine under this contract, and found that it would not work, to notify the plaintiffs, as provided by the contract, to that effect, and the law would give them, and the contract gives them, a reasonable time. I think the contract expressly provides time,—15 days. Yes, they shall have 15 days from receipt of notice, and they then can determine whether they will send a man to fix it, or whether they will order it sent back to them. Now, the contract must be construed reasonably as to both of them. These plaintiffs in Iowa are entitled to the same consideration from this court as the defendant, and the defendant is under just as much obligation to live up to the terms of this contract as the plaintiffs are. Now, it is for you to say, under the testimony in this case, as to whether the defendant, Marthen, gave the plaintiffs such a notice as the contract provided for, and whether, up to the time when he refused to take the machine and shipped it back, whether they had violated the contract in that respect. It was their duty, if their attention was called to the defects in the machine, to repair it,—to make it so it would work,—and they had a right to do that. A man who orders a machine from another, when it arrives, if it does not just meet the requirements of the order, he cannot say, 'Well, the contract is at an end.' This contract does not provide

for that. This contract provides that the plaintiffs have a right to make this machine work, and they have a reasonable time in which to make the machine do that, and the defendant must give them that chance. It was his duty to give them an opportunity to make the machine right; that the contract provides for; and, if you find that he did not do that, then the defendant is liable in this case to the plaintiffs for the value of the machine. Now, those are the questions of fact for you to determine."

The clause of the order or contract referred to in the above instructions reads as follows:

"Where claim is made that the musical automaton is not as represented, the Equitable Mfg. Co. shall have fifteen days from the receipt of notice in which to elect whether they shall send a man to make the instrument as represented herein, or order the instrument returned to them for examination or repair, or furnish a new instrument in its stead, and the Equitable Mfg. Co. shall have sixty days thereafter in which to make repairs or replace the instrument."

On receipt of notice that the instrument did not work properly, the plaintiffs did not elect to do either of the things provided in this clause. Instead of this they wrote defendant as follows:

"You do not mention what seems to be the trouble with your instrument, or we could probably advise you how to adjust it yourself; but, in order to save time, we would suggest that you call in your local jeweler, and have him look it over. By removing the front board just below the tune sheet, you can easily get at the works. It may be that something about the coin-drop has, from constant jarring, loosened and slipped a little one way or the other. The least little thing would cause trouble, as it would in a clock. We don't think that you will have any trouble, and we assure you that we will see that the instrument runs properly for you. Do not return the box, as we believe we can advise you how to adjust it without so doing, saving considerable expense for you. We want this matter adjusted satisfactorily to all concerned, and if, after you have called in your local jeweler, he should be unable to adjust the works for you, kindly advise us promptly exactly what seems to be the matter, and we

will write you fully about it, giving instructions how to adjust it, or what part of the works to return to you [us]. You see it will be considerably cheaper to remove the works from the case and return them than to return the whole cabinet, and it will be much quicker. We hope your local jeweler will be able to arrange this matter for you. If not, advise us promptly. Awaiting such reply, as well as a prompt settlement of account as soon as the box is adjusted, we remain."

This letter apparently threw the responsibility upon defendant, and advised him to engage the services of the local jeweler. True, plaintiffs requested defendant to inform them if the jeweler was unable to adjust the works, but the contract did not provide for this. We think it became a fair question for the jury whether the plaintiffs had proceeded to repair the instrument, as required by the contract, within a reasonable time. If they failed in this, the defendant had a right to refuse to receive and accept the instrument.

Numerous other objections to the proceedings are urged, but we think them without merit.

Judgment affirmed.

The other Justices concurred.