DYE *v.* THOMPSON.

VENDOR AND PURCHASER—EJECTMENT—PAROL EVIDENCE TO VARY DEED — ADMISSIBILITY — WARRANTY DEED — AFTER-ACQUIRED TITLE.

> Where three of four heirs owning land in common conveyed the entire tract in severalty by warranty deed, and afterwards acquired the interest of the fourth heir, and brought ejectment against the purchaser to recover the interest of such heir, *held:*
>
> (1) That they could not show by parol that the purchaser understood that he was not purchasing the interest of such fourth heir unless the latter was then dead, and that the consideration was adjusted on that basis.
>
> (2) That such subsequently acquired title inured to the benefit of the purchaser.

Error to Ionia; Davis, J. Submitted April 18, 1901. Decided May 7, 1901.

Ejectment by George H. Dye, Jr., and Harvey C. Dye, against Edward H. Thompson and Mary Thompson. From a judgment for defendants on verdict directed by the court, plaintiffs bring error. Affirmed.

*George E. & M. A. Nichols,* for appellants.

*A. A. Ellis* and *E. M. Davis,* for appellees.

MOORE, J. This is an action of ejectment. On the 9th day of September, A. D. 1895, Nelson F. Dye and wife, Harvey C. Dye and wife, and George H. Dye, Jr., single, made and delivered to the defendant Edward H. Thompson a warranty deed of the premises in dispute, wherein they covenanted and agreed "that at the time of the ensealing and delivery of these presents they are well seised of the above-granted premises in fee simple." The defendants entered into the occupancy of the premises.

On the 27th day of June, A. D. 1898, one Lionel P. Van Doren made a quitclaim deed to the plaintiffs, George H. Dye, Jr., and Harvey C. Dye, of the premises in dispute. Based on that title, the plaintiffs seek to recover an undivided one-fourth of the premises.

The plaintiffs, on the trial, showed:

*First.* That the title to the premises originally was in Emily P. Dye.

*Second.* A decree made by the probate court on the 30th of March, A. D. 1896, determining the heirs of Emily P. Dye, and showing that Lionel P. Van Doren was one of the four heirs of Emily P. Dye.

*Third.* A quitclaim deed made by Lionel P. Van Doren to the plaintiffs June 27, 1898, conveying an undivided one-fourth of the premises.

*Fourth.* Oral evidence tending to show the value of the premises.

To support the case on the part of the defendants, they offered the warranty deed made by the plaintiffs and Nelson F. Dye to the defendant Edward H. Thompson. Plaintiffs then sought to show by parol that, when the warranty deed was made, it was not known whether Mr. Van Doren was dead or alive, and that Mr. Thompson did not pay for his interest in the land, and did not expect he was buying it, if he was in fact alive. The court excluded this testimony, and a verdict was rendered in favor of defendants.

The question involved is whether in an ejectment case you can vary the terms of a deed by parol. In *Jacobs* v. *Miller*, 50 Mich. 119 (15 N. W. 42), the rule is stated as follows:

"By the principles of the common law, the legal effect due to the plain words of a deed cannot be contradicted by parties or privies in any collateral matter by parol evidence. The terms must stand and receive their just legal significance. 2 Whart. Ev. §§ 1050, 1054, and cases; *Jackson* v. *Foster*, 12 Johns. 488; *Jackson* v. *Roberts' Ex'r*, 11 Wend. 422. The name of the grantee is part of the deed (2 Rolle, Abr. 43); and where a deed is made to several individuals, without designating in

what proportions they shall hold, they will take in equal proportions, precisely as though it had been detailed at length in the deed (*Campau* v. *Campau*, 44 Mich. 31 [5 N. W. 1062]; *Treadwell* v. *Bulkley*, 4 Day, 395 [4 Am. Dec. 225]), and no parol proof can be admitted to give the deed a different effect than such as the words in it legitimately import (*Treadwell* v. *Bulkley, supra; Morse* v., *Shattuck*, 4 N. H. 229 [17 Am. Dec. 419]; *Gully* v. *Grubbs*, 1 J. J. Marsh. 387–390; 1 Cow. & H. Notes, 217, 1428 *et seq.*, 1442, 1444). The case before us is governed by the same principle."

See, also, *Adair* v. *Adair*, 5 Mich. 204 (71 Am. Dec. 779); *Jones* v. *Phelps*, Id. 218; *Vanderkarr* v. *Thompson*, 19 Mich. 82; *First Nat. Bank of Sturgis* v. *Bennett*, 33 Mich. 520; *Price* v. *Marthen*, 122 Mich. 655 (81 N. W. 551).

An ingenious argument is made to the effect that, as the records show there were four heirs at law, only three of whom conveyed to Mr. Thompson, he ought to have known he was getting title to only three-fourths of the property conveyed, and, as Mr. Van Doren could have maintained ejectment, his grantees can do so. We think the counsel have overlooked the effect of the warranty deed. Had the deed been a quitclaim instead of a warranty deed, it would not have cut off a subsequently acquired title; but the rule is well settled that where a grantor, who has made a warranty deed, subsequently acquires title, it will inure to the benefit of his grantee. *Morris* v. *Jansen*, 99 Mich. 436 (58 N. W. 365); *Duffy* v. *White*, 115 Mich. 264 (73 N. W. 363), and the many cases there cited.

Judgment is affirmed.

The other Justices concurred.