PAYMENT v. MURPHY.

TENANCY IN COMMON—ADVERSE POSSESSION.

Where the purchaser of real estate, at a sale under order of the probate court, took immediate and exclusive possession of the entire property, and neither he nor his grantees ever admitted a tenancy in common, but entered and occupied under a deed purporting to convey the entire interest in the property, their occupancy was adverse to the claim of a tenant in common, and, being continued for the statutory period, barred his rights.

Appeal from Wayne; Rohnert, J. Submitted October 6, 1905. (Docket No. 76.) Decided November 7, 1905.

Bill by Ella L. Payment against Simon J. Murphy for a partition of certain real estate. Defendant filed an answer in the nature of a cross-bill to quiet title. From a decree dismissing the bill, and granting the prayer of the cross-bill, complainant appeals. Affirmed.

*Galloway & Graham,* for complainant.

*William H. Wetherbee,* for defendant.

HOOKER, J.   The premises in controversy consist of a city lot, known as lot 48 of the Riopelle farm, in Detroit, and valuable buildings thereon.   They were inherited by the complainant's mother-in-law from her father, at an early day, and through her death were inherited by her children, the complainant's husband, Richard C. Payment, and his two brothers, Clovis and Alfred.   As early as 1862 their father, Michael G. Payment, was their guardian, and on July 21, 1862, he sold the premises, under an order made by the probate court of the county of Chippewa, to Dominique Riopelle, the highest bidder, for $3,200 cash.   This sale was duly confirmed, and the guardian conveyed the premises by deed, August 2, 1862. Before this time Richard had reached his majority. Riopelle took immediate possession, and he and those claiming through him have had exclusive possession under claim of title from that time to the time this suit was commenced, at which time Murphy was in possession. He has since died, and the suit is now defended by his executors.   There was a continuous possession for 42 years and upwards.

Defendant introduced the record of a quitclaim deed of the premises from Richard G. Payment to Dominique Riopelle, dated and recorded on March 1, 1864.   The complainant claims title through a deed from Richard C. Payment, dated May 9, 1900.   Richard C. Payment testified that he never executed the alleged deed to Riopelle.   Under this state of the title the complainant filed a bill for partition, claiming to be a tenant in common with Murphy.   The learned circuit judge found that complainant was not entitled to relief, and, in accordance with the prayer of the cross-bill, made a decree dismissing complainant's bill and quieting defendant's title.   The facts justify his action.   If it were true that Richard's title was never lawfully conveyed, the oc-

cupancy was nevertheless adverse. Riopelle and his grantees never admitted a tenancy in common, and entered and occupied under a conveyance inconsistent with the claim of only a two-thirds interest. Their occupancy being adverse, the statute of limitation has run, as under such a possession it may do, even against common owners of the title. 1 Am. & Eng. Enc. Law (1st Ed.), p. 232; 1 Cyc. p. 1072; *Blackwood* v. *Van Vleit*, 30 Mich. 118; *Campau* v. *Dubois*, 39 Mich. 274; *Sands* v. *Davis*, 40 Mich. 14; *Watkins* v. *Green*, 101 Mich. 493; *Fuller* v. *Swensberg*, 106 Mich. 317; *La Fountain* v. *Dee*, 110 Mich. 347; *Weshgyl* v. *Schick*, 113 Mich. 22.

The decree is affirmed, with costs.

MOORE, C. J., and GRANT, BLAIR, and MONTGOMERY, JJ., concurred.