## Case No. 10,804.

### PATRICK et ux. v. SHERWOOD.

[4 Blatchf. 112.] [1]

Circuit Court, N. D. New York. Oct., 1857.

TAXATION—TAX TITLE—PURCHASE BY TENANT FOR LIFE—REVERSIONER—EJECTMENT—WASTE—FORFEITURE.

1. A tenant for life of real estate, is bound, as between himself and the owner of the reversion, to pay the taxes on the real estate.

[Cited in Peirce v. Burroughs, 58 N. H. 304; Smith v. Blindbury, 66 Mich. 323, 33 N. W. 391.]

2. If the tenant for life neglects to pay them, and, upon the sale of the real estate for their non-payment, obtains a conveyance of it to himself, he will not, after the determination of his life estate, be allowed to claim thereby a title in fee against the reversioner, and thus take advantage of his own wrong.

3. An owner of the reversion to real estate cannot, by ejectment, recover possession of it, upon the ground that the owner of a life estate in it has forfeited that estate by the commission of waste; although he could, in an action of waste, at common law and under the English statutes, have recovered the place or thing wasted.

4. By the law of New York (1 Rev. St. p. 739, § 145). a tenant for life does not, by conveying in fee, forfeit his life estate.

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

5. The vested estates, interests and rights saved by 1 Rev. St. p. 750, § 11, are such as vested by a forfeiture incurred before the statute took effect; and a conveyance in fee made by a tenant for life after the statute took effect does not work a forfeiture of his life estate.

This was an action of ejectment [by Matthew Patrick and wife against Elijah W. Sherwood]. The case was tried before the court, without a jury, under a stipulation that the finding of the court on the evidence should be put into the form of a special verdict. The facts are sufficiently stated in the opinion of the court.

HALL, District Judge. The defendant claims title under John De Mott, and he claimed the premises in controversy, at least in the first instance, as the purchaser thereof under a judgment and execution against Matthew Patrick, one of the plaintiffs. Matthew Patrick had title to the premises only as tenant by the curtesy initiate, the title in fee to the premises sold being vested in his wife Deborah, the other plaintiff.

The defendant also claims title under a tax sale and a conveyance to De Mott, his immediate grantor; but, as De Mott had an estate for life in the premises in controversy at the time the tax was levied, and was bound, as between himself and the owner of the reversion, to pay the tax, this part of the case may be summarily disposed of. His neglect to pay the tax, and his acts in bargaining for and obtaining a conveyance of the premises upon their sale for its non-payment, could not, under any circumstances, vest in him a title in fee as against the reversioner, after the determination of such life estate by forfeiture or otherwise. It would be a reproach to the law and its administration if he could thus take advantage of his own wrong.

But it is insisted, on the part of the plaintiffs, that the life estate or interest of De Mott was forfeited prior to the commencement of this suit for the following reasons: 1. By his having committed waste by the cutting down and sale of large numbers of pine and other valuable trees; 2. By his having conveyed in fee to the defendant, when he had only an estate for the life of Matthew Patrick; 3. By the committing of waste by the present defendant, in cutting down and selling large numbers of valuable timber trees. Assuming, for the purposes of the legal question, what I think might well be assumed for all the purposes of the present case, that the proof clearly establishes the fact, that the defendant, and De Mott, his immediate grantor, have committed waste upon the premises claimed, the question arises, whether this commission of waste works a forfeiture of the life estate, in such manner as to entitle the plaintiffs to recover in this action.

It is clear that, in an action of waste, the plaintiff may recover the "place wasted," as well as treble damages; and the judgment for the recovery of the place or thing wasted was part of the judgment, in a writ of waste at common law and under the English statutes. But it is insisted, and I think with reason, that the owner of the reversion or remainder cannot recover possession by ejectment, upon the ground that the owner of the life estate has forfeited that estate by the commission of waste. The authorities cited by the plaintiffs' counsel do not show that the action of ejectment can be maintained on the ground of forfeiture for waste. In the cases of Jackson v. Brownson, 7 Johns. 227, and Jackson v. Andrew, 18 Johns. 431, which were most relied on, ejectment was brought against a lessee under a lease which contained a covenant against waste and a clause of re-entry, for a breach of the covenants of the lease, so that the term granted by the lease was determined, and the right of re-entry given, by the very terms of the lease under which the defendant claimed the possession. The practice of inserting covenants against waste, with a clause of re-entry upon a breach of such covenant, is at least some evidence that, without such clause of re-entry, the lessor cannot bring ejectment on the ground that the lessee's estate has become forfeited by the commission of waste; and my impressions are so strong against the plaintiffs, upon this question, that I must, in the absence of any authority to the contrary, hold that the plaintiffs are not entitled to recover in this action on the ground of forfeiture caused by the commission of waste. The case of Robinson v. Miller, 2 B. Mon. 284, appears, from the note in the Digest, to be an authority in point against the plaintiffs upon this question.

It must be conceded that the conveyance in fee made by John De Mott to the defendant would have produced a forfeiture of the life estate, if such conveyance had been made before the change of the law in that respect made by the Revised Statutes of New York. The conveyance was not made before but after those statutes took effect, and it is expressly declared by them (1 Rev. St. p. 739, § 145), that a conveyance made by a tenant for life or years, of a greater estate than he possesses, or can lawfully convey, shall not work a forfeiture of his estate, but shall pass to the grantee all the title, estate or interest which such tenant can lawfully convey. It is, however, insisted by the counsel for the plaintiffs, that this provision does not apply to this case, because the 11th section of the 5th title of the same chapter (1 Rev. St. p. 750) declares that none of the provisions of that chapter, except those converting formal trusts into legal estates, shall be construed as altering or impairing any vested estate, interest or right, or as altering or affecting the construction of any deed or other instrument which took effect at any time before the chapter came into force as a law; and he insists, that that estate of Mrs. Patrick vested before the passage of that act, that her right to the immediate possession of the lands in controversy, upon the making of a conveyance in

fee by the tenant for life, had also vested prior to that time, and that, therefore, her right to take possession upon the making of such conveyance was not taken away by the statute referred to. I am not able to adopt the construction thus contended for. I think the rights saved were such as had vested by a forfeiture incurred before the act took effect as a law; and that a conveyance made after the provision referred to took effect, did not work a forfeiture of the life estate. See Burghardt v. Turner, 12 Pick. 534, 539.

These views dispose of the case and require that there should be a judgment for the defendant.