ELMER W. SMITH, ADMINISTRATOR OF THE ESTATE OF
CHARITY SMITH, DECEASED, ET AL., v. VOLNEY H.
BLINDBURY, ADMINISTRATOR OF THE ESTATE
OF JOHN BLINDBURY, DECEASED, ET AL.

*Will—Claim of executrix against estate—Statute of limitations—
Equity.*

1. A husband, dying without children, devised to his widow the *use*
of *all* of his property during her life, with power to dispose of so
much of the same as should be necessary to provide for her sup-
port, if such *use* proved insufficient for that purpose. She was
also authorized to dispose of any or all of the personal estate by
will at her pleasure, and the residue, if any, remaining at her
death, was to be divided among certain legatees, whose legacies
were payable out of the estate after her death. She was made
*sole* executrix under the will, and acted in that capacity for five
years, when she filed her final account, and a balance of $3,168.98
was found her due from the estate. Having remarried, she was
appointed administratrix *de bonis non* with the will annexed, and
acted as such for nearly eight years, when she filed her final
account, and in her petition for a final discharge represented that
nothing remained to be done by her as administratrix of the
estate, which ought to be formally closed, which was done, and
she was discharged, and thereafter enjoyed the income of the
estate until her death, about one year later. She made no claim,
after such discharge, against the estate for the balance found her
due as executrix, nor did she notify any of the persons inter-
ested in the estate of such balance, and that it was still due
her.

*Held*, that by the action of the probate court the amount due
her was settled, no appeal having been taken, and stood on the
same footing as any other claim allowed against the estate by the
probate court, and was enforcible in the same manner, and, under
the facts stated, was barred by the statute of limitations at time
of her death.

2. It is the duty of a tenant of lands for life to pay taxes, and make
repairs to prevent waste.

Appeal from Wayne. (Speed, J.) Argued April 28, 1887.
Decided June 16, 1887.

Petition for payment of claim against estate of deceased person in process of partition. Order dismissing petition affirmed. The facts are stated in the opinion.

*Ed. E. Kane*, for petitioner.

*Edwin F. Conely*, for complainants in partition suit.

*Alfred Lucking*, for respondent V. H. Blindbury.

SHERWOOD, J. John Blindbury died on March 3, 1867, leaving personal estate worth about $2,700, and real estate worth from $40,000 to $50,000.

He left a will, and widow, but no children. By his will he gave to his wife the use of all his real estate and personal property during her life; and, if the same should not prove sufficient for her suitable maintenance, then she was fully authorized to sell and dispose of so much of the estate's property, at her discretion, as would be sufficient for that purpose. The will also provides that, after the death of Mrs. Blindbury, certain specific legacies should be paid to divers persons out of whatever should remain of the estate. Mrs. Blindbury was also authorized, at any time after the decease of her husband, to dispose of any and all of his personal property by will, as she might desire; and the will further provided that, if any of his personal property should be left undisposed of at the time of her death, it should be equally divided among the other legatees named in the will.

He appointed his wife executrix of his will, which was duly probated on May 7, 1867, in Wayne county. Mrs. Blindbury accepted the trust, qualified, and acted as executrix until the eleventh day of June, 1872, when, upon her filing and settling her final account in the probate court, she was discharged as executrix, because of her marriage to a Mr. Phelps, and she was thereafter appointed administratrix of said estate *de bonis non* with the will annexed, and thereafter assumed and discharged the trust in that character.

In the decree settling Mrs. Blindbury's final account as executrix, the following clause appears:

"Said account having been duly verified and examined, and found to be correct and just, thereupon it is ordered that said account be, and the same is hereby, allowed, as therein stated."

The account thus settled showed a balance in favor of the executrix of $3,168.98.

After Mrs. Blindbury, or rather Mrs. Phelps, was appointed administratrix of the estate of her husband, she continued to act as such until the sixteenth day of March, 1880, when an order was duly made by the probate court discharging her from her trust, and canceling her bond given as administratrix, she having previously, on the ninth day of January, filed her final account. During the entire period of her administratorship, she appears to have had the control and management of the entire estate, and, after she was discharged, continued to enjoy the income of the property until she died, on the eighth day of February, 1881. She left a last will, and I. Smith Kellum was duly appointed executor of the same.

On the twenty-eighth day of March, 1881, Volney H. Blindbury was appointed administrator *de bonis non* of the estate of John Blindbury, deceased.

Kellum died November 2, 1883, and on the third day of January, 1884, Charles B. Howell was appointed administrator of Maria Blindbury's estate in his stead.

There was no personal property remaining belonging to the estate of John Blindbury at the time of Mrs. Blindbury's death, she having previously disposed of it. The real estate, however, was of the value of $40,000 or over. The special bequests of John Blindbury had not yet been paid.

April 13, 1881, Charity Smith and the other complainants in this cause, legatees under the will of John Blindbury, filed a bill in the circuit court for the county of Wayne, in

chancery, against the defendants (they being all other persons interested in the real estate left by Mr. Blindbury), alleging the facts above narrated, with perhaps some others, and praying for a partition of such real estate, and a division of the proceeds, up in a sale thereof, among the persons entitled to the same, after the payment of the specific bequests set forth in the will, and asking that a receiver be appointed to take charge of the property involved, and to collect the rents and profits pending the suit. Mr. Andrus was appointed receiver on August 13, 1881.

A few days before the appointment of a receiver in this cause, Mr. Kellum, as executor of Maria Blindbury's will, petitioned the probate court for an order requiring Mr. Volney H. Blindbury, as administrator of John Blindbury's estate, to pay the balance of $3,168.98 shown by Maria Blindbury's account as above explained. The probate court, on November 17, 1881, made an order directing Blindbury to pay Kellum's claim, with interest, from any assets of John Blindbury's estate that had or might come into his hands as administrator, etc. Blindbury appealed from this order to the circuit court, wherein the case still remains pending and undetermined.

The action of the probate court and Blindbury's appeal having been called to the attention of the circuit court in chancery, an order was made and entered in this cause reciting the probate proceedings, and the appeal therefrom, and directing the receiver to retain $6,000 from the proceeds of the sale of the real estate involved in this suit, should any sale be made, to await the final determination of Kellum's claim. The cause proceeded to a hearing and decree. The real estate was sold, and from the moneys thus realized the receiver paid all the money bequests provided by John Blindbury's will, all of the expenses of the receivership, and the cost and expenses of the partition suit. He also distributed among the proper persons $5,500 of the undivided assets,

and, as ordered, retained the remainder ($6,000) to await the final disposition of Kellum's claim. This fund still remains in the hands of the receiver.

Some time after these events, Charity Smith died, and Elmer W. Smith, executor of her will, was made one of the complainants.

November 26, 1884, Mr. Howell, as Mrs. Blindbury's administrator, filed his petition in this cause, asking that the receiver be directed to pay to him the balance of the amount that was found due to her from John Blindbury's estate in the probate court, with interest from the date of the decree. This petition was answered by the parties interested, and, after a hearing upon the merits, was dismissed by the circuit judge. From this order dismissing the petition, the administrator for the estate of Mrs. Blindbury appeals. It is this action of the circuit judge we are to consider.

I think the circuit judge decided correctly. The widow of John Blindbury, under the will, was a tenant for life of the real estate she did not sell; and, as I understand the record, she did not sell any, but made use of the personal estate, and the income from all the estate. This was a liberal provision for her, and by the terms of the will it did not devolve upon her to pay the special legacies. As tenant for life, however, it became her duty to pay taxes, and make repairs to prevent waste. *Patrick v. Sherwood,* 4 Blatchf. 112; *McDonald v. Heylin,* 4 Phil. 73; *Cairns v. Chabert,* 3 Edw. Ch. 312; *Fleet v. Dorland,* 11 How. Pr. 489; *Kearney v. Kearney,* 17 N. J. Eq. 504; *Wilson v. Edmonds,* 24 N. H. 517; *In re Steel,* 19 N. J. Eq. 120; Wood, Landl. &Ten. § 58.

Mrs. Blindbury was more than a tenant for life. She had the control and disposition of the fee to the extent of reimbursing herself for all necessary payments made by her on account of the estate, its care and management, and for her comfortable support and maintenance. She had such sup-

port and maintenance, and made such disbursements on account of the estate as she did, from the estate and its proceeds. It nowhere in the record appears she had any separate estate of her own, or, if she had, she used any of it for the purposes named. She had no occasion to go to the probate court for authority to make any of the disbursements for the purposes mentioned, or to dispose of any of the property for that purpose. The will of her husband gave her that power, and there is no showing that she did not exercise it and reimburse herself. No other person appears to be presenting claims against John Blindbury's estate for moneys or property advanced and furnished for any or either of the purposes mentioned, nor does it appear any such claims are made against her estate for such moneys or property furnished to her.

Her administrator can maintain no claim she could not, if living, against John Blindbury's estate; and while living, and nearly eight years after the decree was made in her favor for the sum now claimed by her administrator, and only a year before her death, she stated in her petition to the probate court that nothing further remained to be done by her as administratrix of her husband's estate, and that the estate ought to be formally closed, and asked that it might be done, and she discharged from the trust, and her bond be canceled. The probate court, after investigating the facts, found the petition to be true, and made an order granting the prayer of her petition. This being true, it is difficult to understand that she still held a claim against the estate of over $3,000, originating nearly eight years before, unsatisfied.

The record nowhere shows that Mrs. Blindbury ever, after her discharge as administratrix, made any claim against the estate for the balance found in her favor on settlement of her final account as executrix in June, 1872, nor that she ever notified any of the persons interested that such a balance was awarded to her in the probate court, and was still

due her.   By the action of the probate court, the amount of the claim in question, there having been no appeal taken, was settled.   There appears no reason why it should not have been enforced or collected before Mrs. Blindbury died, if it had not been satisfied.   The amount was ascertained and determined on a claim made for money paid.   It stood on the same footing as any other claim allowed by the probate court or commissioners, and was enforcible in the same manner, and I think the point made by the counsel for the respondent, that the claim is barred by the statute of limitations, is well taken.   Equity by analogy so applies the statute, and I can see no good reason why the application should not now be made.

I think the statute, and decisions made under the same, cited in the brief of complainants' counsel, support this view. I do not agree with the learned counsel for the petitioner that this view will defeat the payment of the special legacies. They stand upon entirely different ground.   No decree of distribution was made ten years ago, directing their amount to be paid, by any court, according to the terms of the will. That question, however, is not now here for discussion.

The order of the circuit judge dismissing the petition was properly entered, and should be affirmed.

The other Justices concurred.