JEFFERS v. SYDNAM.

1. LIFE ESTATE—ADVERSE POSSESSION.
   The possession of a life tenant cannot be adverse to the re-
   mainder-men.

2. SAME—RIGHTS OF GRANTEE.
   The grantee of a life tenant, though by warranty deed purport-
   ing to convey a fee-simple title, takes no greater estate than
   that possessed by the grantor.

3. SAME—TAX TITLE.
   It is the duty of a life tenant to pay the taxes accruing during
   the continuance of his estate, and he cannot, by neglecting
   this duty, acquire a tax title valid as against the remainder-
   men.

Error to Kent; Perkins, J. Submitted January 8, 1902.
Decided February 11, 1902.

Ejectment by Oscar Jeffers and others against John W.
Sydnam. From a judgment for plaintiffs, defendant
brings error. Affirmed.

This case was tried by the court without a jury, and the
following finding of facts and of law made:

"1. In 1864 William J. Knapp was the owner in fee of
the west half of the northeast quarter of section 10, town
5 north, of range 9 west. At or about this time the owner
of these lands died intestate while in the army, leaving a
widow, Mary J. Knapp, in possession of the premises, and
James A. Knapp, Elisha D. Jeffers, Oscar Jeffers, Emily
Swobe, Adelia Pakosta, Elizabeth V. Johnson, and Ma-
rinda Lloyd, his sole heirs at law.

"2. Shortly after her husband's death, Mary J. Knapp
married one Albert A. Church; and they together lived
upon and occupied the entire premises above described
until about the year 1865, when the said Mary J. Knapp
Church entered into a contract with one Perry Clark to
convey to him premises described as the southwest quarter
of the northeast quarter of the section, town, and range

above mentioned. Under this arrangement Clark went into possession of the premises last described, and on the 3d day of January, 1870, on account of the inability of the said Mary J. Church to give title, he surrendered possession of said premises, and conveyed the same by warranty deed to Albert A. Church, the husband of Mary J. Church, which deed was duly recorded January 18, 1870.

" 3. October 27, 1876, Albert A. Church conveyed by quitclaim deed to his wife, Mary J. Church, the premises so conveyed to him by Perry Clark in 1870, which deed was duly recorded December 7, 1877.

"4. May 16, 1887, Albert A. and Mary J. Church conveyed by warranty deed the premises last described to John W. Sydnam, the defendant in this case, for the purported consideration of $500, which deed was duly recorded May 24, 1887. The said Mary J. Knapp never did, and never intended to, claim title to the whole of said premises, but occupied the same as life tenant only.

" 5. The defendant went into immediate possession of the premises so described, and has continued to occupy the same up to the present time.

" 6. April 5, 1872, James A. Knapp, the brother and one of the heirs of William J. Knapp, deceased, and his wife, conveyed by quitclaim deed to Rodney Robinson the west half of the south half of the northeast quarter of the premises first above described, which deed was duly recorded April 15, 1872.

" 7. The plaintiffs in this case are the heirs of the above-named Rodney Robinson, deceased, and of the said William J. Knapp, deceased. Delila White, one of the Robinson heirs, was not made a party plaintiff in this action.

"8. February 27, 1896, the lands in controversy (viz., the southwest quarter of the northeast quarter of the premises first described ) were conveyed by the auditor general to William H. Gilbert for the taxes of 1892, which deed was duly recorded March 26, 1897; and April 23, 1896, the said Gilbert conveyed to the defendant by quitclaim deed the said premises, which deed was recorded May 26, 1897.

"9. From the date of the death of her first husband, William J. Knapp, until her own death, in 1897, the said Mary J. Church continued in the occupancy of the entire premises first above described, except for four years, or thereabouts, that Perry Clark occupied the portion above mentioned, and the defendant, John W. Sydnam, occupied the portion conveyed to him in 1887 as above set

forth. During her entire occupancy of the premises Mary J. Church paid the taxes on the portion of the premises actually occupied by her, and since the conveyance to the defendant, in 1887, he has paid the taxes upon the portion of the premises so conveyed to him, except for the year 1892, which were not paid, but were permitted to lapse, with the result above mentioned.

"10. On April 19, 1867, the said Mary J. Church petitioned the probate court for the county of Kent for the appointment of an administrator of her late husband's estate, which resulted in the appointment of herself as administratrix of said estate. She thereafter duly qualified, and filed an inventory of such estate, including among its assets the land first above described. Nothing further seems to have been done in relation to the probating of this estate until 1900, when a petition was filed to ascertain the legal heirs of said William J. Knapp, deceased, which resulted in the determination of that question.

"11. At the time of the conveyance to the defendant of the premises in controversy by the said Mary J. Church and her husband, Albert A. Church, the defendant executed a mortgage to the said Albert A. and Mary J. Church to secure the payment of the sum of $500, covering said premises, which mortgage was duly recorded May 24, 1887. Accompanying this mortgage was a bond containing the condition, in substance, that, when the said Albert A. and Mary J. Church should perfect their title to said premises, the same would become operative and payable, and not until then; the said Sydnam paying as consideration for his said purchase, in addition to the giving of said mortgage and bond, the sum of $50, which is the only sum of money that has been paid as the consideration for the conveyance to him dated May 16, 1887, above set forth. On the death of Mary J. Church the said Sydnam obtained possession of said mortgage, and has since retained the same, without paying anything therefor, and the bond accompanying said mortgage has been lost, and the same cannot, after diligent search and inquiry, be found.

"12. The above-named plaintiffs [naming them] are the heirs of said William J. Knapp and said Rodney Robinson, deceased.

" I find as conclusions of law:

"1. That the said Mary J. Knapp ( Church) became entitled to a life estate in the premises first above described as the widow of the said William J. Knapp, deceased.

" 2. That the said Mary J. Church's contract with Perry

Clark, and Clark's subsequent conveyance to Albert A. Church, and Albert A. Church's conveyance to Mary J. Church, and their joint conveyance to John W. Sydnam, the defendant, were wholly inoperative as devesting the title of the legal heirs to said premises, and that said conveyances (nor either of them) do not constitute color of title to the premises in controversy.

"3. That the said Mary J. Church, by her various transactions in relation to said premises, never intended to convey any greater interest than she in law possessed, which was merely a life estate.

"4. That neither the said Mary J. Church nor the said John W. Sydnam has held said premises adversely to the rights of the plaintiffs in this suit.

"5. That the said defendant, John W. Sydnam, by his conveyance from the said Mary J. Church, received only such interest in said premises as she then possessed, which was a life estate.

"6. That, as life tenant, the said Mary J. Church, in her lifetime, and, as the purchaser of her life interest in the premises in controversy, the said defendant, John W. Sydnam, were, in law, bound to pay the taxes accruing from year to year against the said premises.

"7. That the tax deed received in evidence in support of the defendant's claim of title is wholly inoperative, upon the grounds: (1) That the said Sydnam was, in law, bound to pay the taxes assessed against the premises in controversy for the year 1892; (2) because the defendant wholly failed to support the validity of such tax deed by the necessary proof of the regularity of the proceedings upon which it is based.

"8. That the rights of the plaintiffs to the possession of the premises in controversy did not accrue until after the expiration of the life estate of Mary J. Church, which did not cease until her death, in 1897, and that the statute of limitations, therefore, has not run against them."

*John W. Powers (John S. McDonald,* of counsel), for appellant.

*Fred L. Williams (M. A. Nichols,* of counsel), for appellees.

GRANT, J. (*after stating the facts*). By the law of descent in this State at the time of William J. Knapp's

death, the widow was endowed with a life estate in the land. 2 How. Stat. § 5772a, subd. 2. The widow could not convey, even by warranty deed, any greater interest in the land than that of which she was possessed, and there is no evidence in the record that she intended to. No expectant estate can be defeated by the act of the owner of the intermediate estate, or by any destruction thereof. 3 Comp. Laws, § 8814. The present case, in all its aspects, is ruled against the defendant by *Lumley* v. *Haggerty*, 110 Mich. 552 (68 N. W. 243, 64 Am. St. Rep. 364); *Bowen* v. *Brogan*, 119 Mich. 218 (77 N. W. 942, 75 Am. St. Rep. 387). Defendant obtained only the life interest which Mrs. Knapp had, and, as such, it was his duty to pay the taxes. *Smith* v. *Blindbury*, 66 Mich. 319 (33 N. W. 391); *Jenks* v. *Horton*, 96 Mich. 13 (55 N. W. 372).

The judgment is affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. LONG, J., did not sit.