*In re* RINGLE'S ESTATE.

APPEAL OF SCHULTZ.

1. LIFE ESTATES—GENERAL RULE AS TO PAYMENT OF TAXES AND REPAIRS.

Generally, life tenant must pay taxes which are lien upon fee of property and make repairs to prevent waste.

2. SAME—WHEN LIFE TENANTS NOT REQUIRED TO PAY TAXES AND REPAIRS.

Life tenants, who become such by reservation in their deed, are not required to pay taxes and make repairs, where, as consideration for deed, grantee, as remainderman, agrees to support and maintain them during term.

As to duty of life tenant to keep property in repair, see annotation in 33 L. R. A. (N. S.) 669.

On duty of life tenant to pay taxes, see annotation in 32 L. R. A. 744.

3. GUARDIAN AND WARD—ACCOUNTING—LIFE ESTATES—WHEN GUARD-
IAN ENTITLED TO CREDIT FOR TAXES.

Where grantee, as consideration for deed in which grantors re-
served life estate, agreed to support and maintain them dur-
ing their lifetime, guardian of grantee's minor heirs-at-law.
is entitled to credit for taxes, insurance premiums paid, and
money expended for repairs, but not for wiring dwelling for
electric current purposes.

Appeal from St. Clair; George (Fred W.), J. Sub-
mitted April 21, 1932. (Docket No. 123, Calendar
No. 36,446.) Decided June 6, 1932.

John Schultz, guardian of the estates of Anthony
Ringle and others, minors, presented his final ac-
count to the probate court for approval. From dis-
allowance of certain items, plaintiff appealed to the
circuit court. Plaintiff reviews order of affirmance
by appeal. Reversed.

*Sullivan & Sullivan*, for appellant.

*Don R. Carrigan*, for appellees.

WIEST, J. A father and mother deeded their prop-
erty to their son, reserving a life estate therein. The
father died, and the son and his wife died leaving
minor children. Defendant was appointed guardian
for the minors, and, during the life of the surviving
tenant, he paid taxes and insurance and made re-
pairs on the mentioned premises. The probate
court, and, upon appeal, the circuit court, followed
the strict rule requiring a life tenant to pay taxes,
maintain insurance, and prevent waste, and charged
the guardian with the money so expended. The
guardian prosecutes this appeal.

In 1915 Anthony Ringle, the grantee in the men-
tioned deed, and his wife died, leaving seven chil-

dren, and John Schultz was appointed guardian for the children. The estate of the minors consisted of about $3,000 in a bank and a farm of about 40 acres, subject to the mentioned life estates of the grandparents of the wards. The guardian paid the taxes on the farm, repaired buildings, built fences, and paid the expenses thereof out of the funds of his wards, and asked credit therefor in his final account.

The guardian claimed that the grantee verbally agreed, as a part of the consideration for the deed, to support and maintain the grantors. The grantors were old and unable to conduct the farm. The farm was their sole means of support. A brother of the grantee testified that the grantee told him ''he (grantee) had to maintain and support them (grantors) as long as they lived, and after their death the farm was his. He had to support and maintain the old people.'' This testimony was taken subject to objection, but evidently rejected in reaching decision. The testimony related to the consideration for the deed. The witness was not in any sense an opposite party. This testimony was uncontradicted and is convincing, for the old people had reached the point where they could not work the farm, and the farm was all they had, and they needed support as well as a place to live, and, in giving their all to their son, it is more than probable that he agreed to support and maintain them.

In *Lockwood* v. *Lockwood,* 124 Mich. 627, an aged mother deeded her property to her son and his children, reserving a life estate, without any written agreement by the son to pay the taxes and insurance or to maintain and support his mother. For nonperformance of a verbal agreement to do so the deed was set aside. Upon this subject the opinions in *Power* v. *Palmer,* 214 Mich. 551; *Lewandowski* v.

*Nadolny,* 214 Mich. 350; and *Smith* v. *Jackson,* 239 Mich. 197, may be read with profit.

The general rule is that a life tenant must pay the taxes which are a lien upon the fee of the property (*Stroh* v. *O'Hearn,* 176 Mich. 164), and make repairs to prevent waste. *Smith* v. *Blindbury,* 66 Mich. 319. This rule, however, is not without exceptions. One release from its operation exists when the life tenants become such by reservation in their deed, and, as a consideration for the deed, the grantee, as remainderman, agrees to support and maintain them during the term. *Meier* v. *Meier* (Iowa), 178 N. W. 360.

In the case at bar, performance of the grantee's obligation toward the grantors has been made, in part at least, by the guardian of the heirs-at-law of the grantee, and thereby the deed saved from cancellation, and now the guardian ought not to be refused credit for funds of the estate used to save and conserve the property for the wards. The guardian is entitled to credit for taxes and insurance premiums paid and moneys expended for needed repairs, but not for wiring the dwelling house for electric current purposes.

The judgment in the circuit court is reversed, with costs to appellant, and judgment in accord with this opinion is to be entered in the circuit court and certified to the probate court.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.