DANIEL J. CAMPAU ET AL. v. ALEXANDER M. CAMPAU ET AL.

*Tenancy in common—Presumption as to equality of interests—Adverse possession.*

Tenancy in common extends to the entire premises, but sole possession by any one tenant is not presumed adverse as against the rest and does not affect their rights, unless held under a claim of exclusive right whereof they have express or implied notice.

Title by adverse possession, whatever the extent of the claim, must be clear and distinct especially as against co-tenants in common.

Constructive possession is co-extensive with the title which creates it, and actual possession is limited by the occupant's title.

There is no presumption that the interests of tenants in common are equal.

Where a conveyance or deed to two or more persons does not state the interest of each, their interests are presumed equal.  ·

Error to Wayne. Submitted April 29 and 30. Decided June 11.

. EJECTMENT. Defendants bring error. Reversed.

*F. A. Baker* and *Ashley Pond* for plaintiffs in error.

*H. L. Baker* and *G. V. N. Lothrop* for defendants in error.

MARSTON, C. J.    Plaintiffs below claimed title through Nicholas Campau who died intestate in 1811. Nicholas had six brothers and two sisters, two of whom died, one in 1809 and one in 1811, intestate and without issue. Catherine, one of the sisters, moved upon the premises in 1818 or 1819 and commenced the cultivation of a part, and she continued to reside thereon until the time of her death in 1854. In 1845 she quitclaimed her interest in the premises to two of her brothers, Joseph and Barnabas. The construction of this instrument was passed upon when this case was here before, and we see no reason to change or modify what was then said: *Campau v. Campau* 37 Mich. 246 ; *Sparrow v. Kingman* 1 Comst. 242. Contemporaneous with this conveyance the grantees gave Catherine back a life lease of the 'entire estate, covenanting that she should have quiet possession, and agreeing to build or repair a house for her on the premises, she agreeing to pay one dollar per year rent and taxes.

In 1863 Joseph died, and his administrator compelled those in possession, and who had entered under Catherine, to pay rent or recognize his rights as administrator in the premises. In 1866 Joseph's estate was partitioned, and his interest in these premises set apart to Elizabeth Brown who con-

veyed in 1868 to Daniel J. Campau, one of the defend-
ants.

In 1875 the heirs of Barnabas sought to exercise their
rights, but not being recognized brought ejectment for an
undivided one-half of the premises.

It seems quite clear that the title which Joseph and Bar-
nabas had upon delivery to them of the deed from Catherine
could be and was no more than they previously held, with
the interest of Catherine as one of the heirs added, less any
previous valid conveyance made by her. There is noth-
ing in the record fairly tending to show that Catherine had
acquired any other or greater interest, or that she intended to
convey, or her grantees supposed they were acquiring, any
more than this. *Sands v. Davis* 40 Mich. 20.

As tenant in common she was entitled to the possession of
the entire premises, with the others if they entered—if not,
alone; but such possession would not be presumed adverse as
against her co-tenants. The conveyance by Catherine to
Joseph and Barnabas did not give them the entire title or
cut off the rights of their co-tenants, and the lease back of
the entire estate and her possession thereunder could not
enlarge the title of Joseph and Barnabas as against their co-
tenants.

Where a person is in and has held possession of land right-
fully under a claim of title which, when traced back, does
not purport to convey the entire estate, the mist and ambi-
guity which shroud and surround the character of the posses-
sion, and claim made thereunder, cannot enlarge the actual
title or rights acquired by possession thereunder. On the
contrary, clearness and distinctness are requisite to acquire
title by adverse possession, either in whole or in part, and
especially is this so as against tenants in common. *Davis v.
Filer* 40 Mich. 316; *Gower v. Quinlan,* id. 575; *Everts v.
Beach* 31 Mich. 136.

It is also well settled that the possession of an occupant is
co-extensive with his claim and color of title. If in posses-
sion of a part under color of title to the whole tract,
his constructive possession extends to the whole; if

under color of title to an undivided interest, his constructive possession covers the whole to the extent of such interest; if without color of title, the possession is not extended by construction, beyond the boundaries of the occupied portion. The constructive possession of premises will be co-extensive in interest with the title which gave rise to and created it, and in like manner the actual possession may be limited by the title of the occupant. The actual possession of a tenant in common will not be presumed adverse to that of his co-tenants, and his constructive possession in like manner will be limited to his interest as tenant in common. The possession of one tenant in common, unless under a claim of exclusive right, will not affect the rights of the co-tenants. Such exclusive claim and denial of their right, should be clear and unambiguous and brought home to the knowledge of the co-tenants either by express notice, or by implication. And if the latter, all doubt growing out of the nature and character thereof, should be against an ouster. The presumption should be that the tenant in possession respects and recognizes the rights of his co-tenants, until the contrary clearly appears; that the possession is rightful, and not to the exclusion of others having equal rights.

The court charged the jury in substance, that Joseph and Barnabas each owned an equal undivided interest in the property. As heirs of Nicholas Campau this would be true, and it would be equally so as to the title they took under the deed from Catherine, or that they acquired by adverse possession, if any. As a general proposition there is, however, no such presumption. Where lands are conveyed or devised to two or more persons, and the instrument is silent as to the interest which each is to take, then the presumption will be that their interests are equal. Such would be the legal effect and construction of the instrument. Where however the interest of each is not thus made apparent, there can be no such presumption. The quantities of the estate of tenants in common, and their proportional shares therein, may be so different and unequal that no such presumption could, with safety, be indulged in.

The views herein expressed are somewhat different from those which prevailed upon the trial. Several other questions were raised which may not arise upon a new trial, and we therefore pass them for the present, but not thereby giving thereto our approval. It follows that the judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.