45 367
106 314

DANIEL J. CAMPAU ET AL. v. ALEX. M. CAMPAU ET AL.

*Adverse possession as between tenants in common—Election among defendants claiming from different sources of title.*

A claim of adverse possession by one tenant in common, as against another, must be clear and unambiguous because the mere possession in a tenant in common would be rightful and would not imply an adverse holding, and the tenant is presumed to hold in recognition of the rights of his co-tenant unless his acts and declarations are clearly inconsistent with such presumption.

Adverse possession must be clear and distinct, and plainly proven, to establish title.

The lessee of one tenant in common told the son of the other, while the father was living, that he (the lessee) had more right on the premises than he (the son) had. *Held,* that this had no tendency to prove that the tenant in common under whom he occupied the premises held adversely to the other.

Comp. L. § 6230, in requiring that a plaintiff in ejectment against several defendants claiming under different sources of title shall elect against which he will proceed, does not apply where the action is against one claimant and those in possession under him and where the same defense is common to all.

Error to Wayne. Submitted Jan. 11. Decided Jan. 26.

EJECTMENT. Defendant brings error. Affirmed.

*F. A. Baker* and *Ashley Pond* for plaintiff in error. Where a claimant of property has not been in possession or control for thirty years, and another has been in actual possession, the fact tends to show that the latter's possession is

adverse: *Dubois v. Campau* 28 Mich. 304; possession to the exclusion of another is adverse within the meaning of the statute of limitations: *Campau v. Dubois* 39 Mich. 274.

*H. L. Baker* and *G. V. N. Lothrop* for defendant in error. Actions of ejectment brought by the same party against several defendants for the same premises ought to be consolidated where the defense is substantially the same: *Jackson v. Stiles* 5 Cow. 282; *Jackson v. Schauber* 4 Cow. 78; *Jackson v. Woods* 5 Johns. 279; a single action is maintainable for several parcels; Adams' Ejectment 221, 229; *Huggins v. Ketchum* 4 Dev. & Bat. 421.

MARSTON, C. J. This case has been twice before this court previous to the present term. In the present case it is claimed the plaintiffs below were barred by the statute of limitations.

We held in this case when here before (44 Mich. 31), that as between tenants in common, a claim of adverse possession by one should not be of doubtful character, but clear and unambiguous. The reason of this is that the possession itself is rightful, and does not imply adverse possession as would that of a stranger, so that the presumption of possession in recognition of the rights of co-tenants must be overcome by acts and declarations clearly inconsistent therewith brought home to the co-tenants. It was also held in the same case that clearness and distinctness were requisite to acquire title by adverse possession in any case, or as was said in *Yelverton v. Steele* 40 Mich. 541, it must be made out by clear and cogent proof.

There are many loose expressions testified to in this case, but of so ambiguous a character that they cannot fairly be said to bring this case within the rule referred to. Perhaps one of the strongest statements which can be claimed tended to show adverse possession, and indeed the one upon which most reliance was placed upon the argument, is found in the testimony of Phillis Chauvin, who testified "that when Dennis wanted her husband to pay rent he would not do it,

and claimed he had a right to stay there; that none of the children of Barnabas Campau ever came there to see about it at all, but when Jacques Campau, a son of Joseph, was alive, he use to come there and raise awful rows with her husband, and witness at one time thought they were going to fight; that her husband told Jacques Campau *that he had more right to stay there than he had.*" The husband of the witness died March 1, 1862. Joseph Campau died in 1863, so that at the time of this conversation referred to Jacques Campau's father, Joseph, was alive, and Jacques had no interest in the premises, and in truth the husband of the witness "had more right to stay there than he (Jacques) had." This, therefore, has not the slightest tendency to prove an adverse holding, and from what has been said the other evidence relied upon was not, we think, sufficient to entitle it to be made the basis of a verdict and judgment.

It is next objected that the court erred in allowing plaintiffs to proceed for all the property described in their declaration, and in not requiring them to elect whether they would proceed for separate parcels. Our statute does not require an election in cases where all the titles, possessions or claims are derived from the same source. 2 Comp. L. § 6230. Without undertaking to definitely fix the meaning and limits of this section, we are of opinion that in this case no election was necessary. The action in effect was one against a claimant and those in possession under him. The same defense was common and applicable to all. No one relied upon matters in which the others did not and could not have any interest.

The judgment must be affirmed with costs and the record remanded.

The other Justices concurred.