## WESHGYL *v.* SCHICK.

ADVERSE POSSESSION—COTENANTS.
> To make possession adverse as against a cotenant, notice of the hostile claim must be clearly brought home to him.

Error to Berrien; Coolidge, J. Submitted April 7, 1897. Decided May 25, 1897.

Ejectment by Frank Weshgyl against Frederick Schick and Caroline Schick. From a judgment for plaintiff, defendants bring error. Affirmed.

*James O'Hara*, for appellants.

*N. A. Hamilton*, for appellee.

MONTGOMERY, J.   This is an action of ejectment, and a companion case to *Beck* v. *Schick*, 110 Mich. 665. Christof Schick died intestate, seised of the lands in question, February 21, 1875, leaving a widow, a son (the defendant Frederick), a married daughter, and a grandson, the plaintiff, who was at the time 10 years of age. The defendant continued to reside on the premises, and plaintiff remained as a member of his family until May, 1888, when he left. In January, 1896, he brought this action to recover the undivided one-third of the land. The defense was adverse possession. It was also sought to show, by the testimony of defendant himself, that a parol gift of the land was made to him many years ago by his father. This testimony was clearly incompetent. The undisputed testimony, then, in the case, shows that the plaintiff was the owner of the undivided one-third from the death of his grandfather, and that he attained his majority in 1885. Defendant claims that he was ousted at an earlier date, by having notice brought home to him that he (defendant) claimed the entire property. The court charged the jury that the fact that the defendant himself occupied the place would not be sufficient to constitute adverse possession, and that, in case of a cotenancy, the mere holding of possession for 15 years would not be sufficient notice to a cotenant of a claim to the whole. But he further charged the jury that, if the boy was distinctly notified,—if he was notified in such shape that he must have known that his uncle (the defendant) was claiming to own the land absolutely,—his adverse possession would begin to run, and that, in order that the defendant should acquire title, there must have been 15 years' possession after this notice was given to plaintiff, and left it to the jury to determine whether that period of 15 years had run or not. We think this instruction sufficiently favorable to defendant, and that it fairly covered the law of the case.

Some exceptions are preferred to the refusal of the court to give instructions as to the abstract nature of the plaintiff's rights, and whether, at the common law, there

was a right of inheritance. These instructions could have been no possible aid to the jury in determining the simple question involved in this case.

There was no error committed on the trial, and the judgment will be affirmed.

The other Justices concurred