FELT v. METHODIST EDUCATIONAL ADVANCE.

1. LANDLORD AND TENANT—TENANT MAY NOT ATTACK LANDLORD'S
   TITLE.
   A tenant may not attack his landlord's title; possession of ten-
   ant being that of his landlord.

2. VENDOR AND PURCHASER—VENDEE MAY NOT ATTACK VENDOR'S
   TITLE.
   A vendee under executory land contract of purchase may not
   attack his vendor's title; vendee's position being in many
   respects analogous to that of tenant under lease.

3. LIFE ESTATES—ONE CLAIMING OWNERSHIP UNDER LIFE TENANT
   NOT THEREBY PRECLUDED FROM ASSERTING ANY RIGHTS ACQUIRED.
   One claiming to be owner of land by *mesne* conveyance from
   grantor in his lifetime is not thereafter precluded from as-
   serting such rights as may have been acquired subsequent to
   death of grantor, who had only life estate in the property.

4. ADVERSE POSSESSION—LIFE ESTATES.
   There can be no holding adverse to remaindermen during life-
   time of life tenant by his grantee.

5. LANDLORD AND TENANT—TENANT BY SUFFERANCE—OBLIGATION TO
   PAY RENT NOT NECESSARY.
   In order to become tenant by sufferance, it is not necessary that
   relation of landlord and tenant first exist, nor is it necessary
   that there always be obligation to pay rent.

6. SAME—GENERAL RULE.
   Generally, when tenant comes rightfully into possession of land
   by permission of owner, and continues to occupy same after
   the time for which, by such permission, he had right to hold
   same, he becomes tenant by sufferance.

7. SAME—NOTICE TO QUIT.
   One who becomes possessed of property under *mesne* conveyance
   from life tenant, and continues in possession after latter's
   death without objection from remaindermen, becomes tenant

On right of tenant to dispute landlord's title in action by
latter to establish same, see annotation in 29 L. R. A. (N. S.) 85.

by sufferance, and is entitled to statutory three months' notice to quit (3 Comp. Laws 1915, § 11812) before action of ejectment may be maintained.

8. SAME—LESSOR OR VENDOR ENTITLED TO NOTICE TO QUIT.
Grantee of life tenant, who sells the property on executory land contract or leases it, is constructively in possession, and, if holding continues after death of life tenant, is entitled to statutory three months' notice to quit (3 Comp. Laws 1915, § 11812) before action of ejectment may be maintained.

9. SAME—PURPOSE OF STATUTORY THREE-MONTH NOTICE TO QUIT.
The purpose of statutory three months' notice to quit is to enable tenant by sufferance or those claiming under him to remove his crops and other personal property.

Error to Wayne; Sharp (L. 'Eugene), J. Submitted June 5, 1930. (Docket No. 42, Calendar No. 34,920.) Decided October 3, 1930.

Ejectment by Zara L. Felt against the Methodist Educational Advance, a Michigan corporation, and others. From a directed verdict and judgment for defendant Methodist Educational Advance, plaintiff and the other defendants bring error. Affirmed.

*Daniel W. Ross* (*Frank C. Golden*, of counsel), for plaintiff.

*Wiley, Streeter, Smith & Ford*, for defendant Methodist Educational Advance.

*Walter M. Nelson*, for defendants Barski and others.

BUTZEL, J. This is an action of ejectment for a farm of 40½ acres located in Van Buren township. George Elwell, at the time of his death in 1897, was the owner of a farm of 107 acres, which included the land in controversy. By his will, he devised the

entire farm to his wife for her life, with this further provision:

"Fourth: I give, devise and bequeath to my children, Joseph Elwell, George W. Elwell, and Rhody Conant, the use, improvement and income of my homestead farm of one hundred and seven (107) acres of land as hereinbefore mentioned, and its appurtenances and all profit and advantage that may be derived therefrom, from and after the decease of my wife, Abbey Elwell, to have and to hold the same to the said Joseph Elwell, George W. Elwell, and Rhody Conant for and during the term of their natural lives, and without impeachment or waste, the same to be equally divided among them if requested by all or either of them; and from and immediately after the decease of the said Joseph Elwell, George W. Elwell and Rhody Conant, or either of them, the share set off to such deceased heir, I give, devise and bequeath to the heirs of said deceased heir, for him, her or them and their heirs and assigns forever."

In a division made by the three children in 1897, the specific land involved in this case was quitclaimed to George W. Elwell, the testator's son, and by *mesne* conveyances the defendant Methodist Educational Advance became the owner of it in 1924. Defendant Barski is an assignee of a land contract given by the Methodist Educational Advance and the defendant Loati is a lessee of Barski. After the death of George W. Elwell in 1924, and prior to the commencement of this suit, plaintiff acquired a 9/15 interest in the property in controversy by quitclaim deeds from the heirs of George W. Elwell. On May 3, 1926, while defendants Stachio and Serpetti, assignees of the lease given by Barski, were in possession of the land, a notice to quit was given them by plaintiff's attorney. Upon their failure to do

so, after an interval of only seven days, this suit was begun on May 10, 1926. After the action was started plaintiff acquired an additional 1/15 interest, that of the infant heirs of George W. Elwell, and this case was tried as one for an undivided two-thirds interest in the 40½-acre tract.

In the case of *Felt* v. *Methodist Educational Advance,* 247 Mich. 168, this court held that George W. Elwell was the owner of a life interest,. and that the remainder to the three children of George W. Elwell went to them as a class collectively, and thus the will did not violate the rule against perpetuities, as contended, and was therefore valid. Upon the trial of the present case in the circuit court all the individual defendants supported the plaintiff against the defendant Methodist Educational Advance. The court granted the motion of the defendant corporation for a directed verdict in its favor, on the ground that the suit was prematurely brought; that the corporation was a tenant at sufferance, and a three months' notice to terminate the tenancy, required by statute, section 11812, 3 Comp. Laws 1915, was not given.

It is admitted that a three months' notice was not given to any of the defendants prior to the commencement of this action. It is further shown that approximately two years elapsed after the death of George W. Elwell, the life tenant, before an attempt was made by the assignee of the remaindermen to terminate the tenancy. During that time defendant corporation and those claiming under it were not trespassers. There is some question as to whether they were tenants at will or by sufferance. In either event, they were entitled to a three months' notice under the statute. The fact that all of the other defendants, with the exception of the defendant cor-

poration, united to defeat the latter's claim, does not help the plaintiff. A tenant cannot attack the title of the landlord under whom he claims, nor can a vendee under an executory contract of purchase attack that of his vendor. The possession of the tenant is that of his landlord. *Wilhelm* v. *Herron,* 211 Mich. 339. A vendee under an executory land contract in many respects occupies a position analogous to that of a tenant under a lease. The record shows that the plaintiff for approximately two years after the death of the life tenant and prior to the beginning of this suit, knew that the defendant corporation claimed an interest in the property and was in possession of it through parties claiming under it.

It is further claimed that defendant corporation, having asserted at one time that it was the owner of the property, thereafter could not take an inconsistent position and claim that it was a tenant at sufferance. In the former case, the Elwell will was construed, and it was held that George W. Elwell only held a life estate in the property. Upon his death, that life estate was extinguished, but according to the record, defendant corporation and those claiming under it still retained possession of the property. We do not believe that the former case precluded defendant corporation from asserting such rights as it may have acquired, subsequent to the death of George W. Elwell. One claiming an interest in the property may still be held to have a lesser interest than that which he originally asserted. Where a long term lease was found to be void under the statute of frauds, nevertheless, there still was a tenancy from month to month or year to year or at will. *Huyser* v. *Chase,* 13 Mich. 98. If there was any holding adverse to plaintiff's gran-

tors, it must have begun in 1924 or later and after the death of George W. Elwell, for during his lifetime there could not have been a holding adverse to the remaindermen. *Porter* v. *Osmun,* 135 Mich. 361 (3 Ann. Cas. 687).

There is no question but that defendant corporation, after the death of the life tenant under whom it claimed, had or acquired some rights. Its possession in the first instance was a lawful one. In order to become a tenant by sufferance, it is not necessary that the relation of landlord and tenant must first exist. As a general rule, when a tenant comes rightfully into possession of land by permission of the owner and continues to occupy the same after the time for which, by such permission, he had the right to hold the same, he becomes a tenant by sufferance. *Pattison* v. *Dryer,* 98 Mich. 564, at 566. Nor was it necessary that in order to become a tenant at sufferance there must always be an obligation to pay rent. *Hogsett* v. *Ellis,* 17 Mich. 351.

The defendant corporation became possessed of the property under *mesne* conveyances from the life tenant. Upon his death the life estate terminated. The corporation continued in possession thereafter for approximately two years without objection from the remaindermen. It thus became a tenant at sufferance and was entitled to the statutory notice.

It was further claimed that in giving the executory land contract to a subvendee under whom there were lessees, defendant corporation parted with possession. Had it assigned its interest in the property to third parties it would have lost all rights thereunder upon the death of the life tenant. *Reckhow* v. *Schanck,* 43 N. Y. 448. It did not, however, assign its interest. It claims it remained in constructive possession of the property through its vendees

under an executory contract and the tenants claiming under them. In any event, it is admitted that the three months' notice to quit, made mandatory by the statute, was not given to any one. The purpose of the notice is to afford reasonable time in which to enable the party claiming under the life tenant to remove his crops and other personal property. *Howard* v. *Merriam,* 59 Mass. 563; *German State Bank* v. *Herron,* 111 Iowa, 25 (82 N. W. 430). The reason for the rule applies with equal force to a lessor or to a vendor in an executory land contract who claims under a life tenant. They might likewise have personal property that they should have an opportunity to remove.

Notwithstanding that there were others holding under it, the defendant corporation held over after the death of the life tenant, became a tenant at sufferance, was entitled to the three months' statutory notice, and the failure to give it precluded the plaintiff's recovery.

The judgment of the lower court is affirmed, with costs to defendant Methodist Educational Advance.

Wiest, C. J., and Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.