HORBES *v.* AHEARN.

1. Words and Phrases—Color of Title.
    Color of title is that which in appearance is title, but which in reality is no title.

2. Tenancy in Common—Payment of Taxes—Presumptions—Evidence.
    A cotenant who pays taxes on property held by himself and others as tenants in common will be presumed to have acted on behalf of his cotenants as well as himself in the absence of clarifying testimony.

References for Points in Headnotes
[1] 3 Am Jur 2d, Adverse Possession § 96.
[2] 3 Am Jur 2d, Adverse Possession § 127.
[3, 4] 3 Am Jur 2d, Adverse Possession §§ 173–180.
    Adverse possession between cotenants.  82 ALR2d 5.

3. SAME—ADVERSE POSSESSION—EVIDENCE.

   One tenant in common may acquire title against his cotenants by adverse possession, but the proofs thereof must be clear and cogent and may not be made out by inference.

4. QUIETING TITLE—ADVERSE POSSESSION—EVIDENCE—TENANCY IN COMMON.

   Evidence presented in suit to quiet title *held*, insufficient to establish that plaintiffs' predecessor had acquired title to the premises by adverse possession against his brothers and sisters, the other tenants in common.

Appeal from Huron; Bach (Arthur M.), J. Submitted January 10, 1963. (Calendar No. 30, Docket No. 49,923.) Decided March 7, 1963.

Bill by Mary Ellen Horbes and others against James Ahearn, Sr., Ellen Bushey, Patrick J. Ahearn, and various others, their unknown heirs, devisees, and assigns to quiet title. Decree for plaintiffs. Nine of defendants appeal. Reversed.

*G. Kirk Haley,* for plaintiffs.

*Frederick S. Beach,* for defendants.

O'HARA, J. This case involves interests in lands. Well-recognized and long-established rules of law control. The question is their application to the facts. Additionally, evidentiary questions are presented.

On March 13, 1890, the State of Michigan issued its patent covering 40 acres of land in Huron county to James Ahearn. It was recorded November 8, 1923. The recording was not admitted in defendants' answer, but its regularity seems to have been established by the following excerpt from the testimony:

"*Mr. Beach:* That is the *recorded* patent is it not?
"*Mr. Haley:* Yes it is.
"*Mr. Beach:* It is admitted."

Previous to the foregoing testimony, counsel for plaintiffs described the exhibit as one "admitted at pretrial." It is not inappropriate to mention here that our task on review is not lightened by having to refer first to the bill of complaint, then to the answer, again to both statements of facts, and to chancellor's opinion, to determine whether a question is presented as to the recording of the involved patent.

The patentee died in 1923. The order assigning the residue of his estate vested his title in Ellen Bushey, Patrick J. Ahearn, Edmund J. Ahearn, Clara Smeader, Bridget Cobb and Elizabeth Lenaway. For whatever reason, and it is not clear from what is before us, the order assigned to each, only an undivided 1/6 of an undivided 2/3 interest in the 40 acres. The order assigning was entered February 2, 1924.

It is between those claiming through Edmund J. Ahearn, the plaintiffs below, and 2 surviving beneficiaries of James Ahearn and the heirs-at-law of his 3 deceased beneficiaries as defendants that the issues were litigated in a suit to quiet title.

The heirs of Edmund claim he perfected title by adverse possession as against his cotenants in common, and the chancellor so held. Proceeding from the premise in his opinion that when Edmund received a tax certificate in 1927 he acquired "color of title" to the entire 40 acres, the trial court added the following facts of record. Edmund paid the taxes, rented the property to others and accounted to no one for the rents received. The opinion recites, and no question is raised that Edmund never perfected his tax title, and received no deed therefor.

We think it doubtful that the court would have reached the conclusion it did unless it construed Edmund's later actions on the basis of his having acquired "color of title." We address ourselves therefore to that premise first.

Plaintiffs in their brief cite *Miller* v. *Clark,* 56 Mich 337, 342, as defining "color of title to be that which in appearance is title, but which in reality is no title."

Upon this proper definition they superimpose the proposition that tax deeds and leases afford color of title to one who has gone into possession, citing *Hoffman* v. *Herrington,* 28 Mich 90. Here occurs the *non sequitur. Hoffman* was an action in trespass (the decision was by an equally divided court). It is true that the decision is authority that tax deeds are evidence of color of title, but that case was not concerned with the action of one tenant in common in purchasing a tax title. There the deed was introduced in defense of the trespass. The holding is not applicable here. Edmund, the administrator of his father's (James) estate, paid the taxes for the year 1924 in 1927. If he were in possession at all, it was only for the 3 years that elapsed from the time of the entry of the order assigning the residue of the estate, in which the 2/3 interest in the concerned 40 acres passed equally to him, his brother, and his sisters. If any inference can be drawn from his action, without clarifying testimony, it must be that he acted on behalf of his cotenants as well as himself.

Plaintiffs' position is not helped by their predecessor's action in executing an easement to the Detroit Edison Company for a pole permit in 1953. The testimony is uncontradicted that he and his wife signed it *after* his sister and brother, his cotenants, had already done so. If at any time in the period of alleged adverse holding of an unoccupied pasture

and wood lot of 40 acres Edmund had an opportunity to evidence his hostility to their title, it was then. His action suggested the exact converse.

Appellants have urged error in the admission of testimony, and the ruling of the trial court in admitting it "subject to the objection" suggests that he had some apprehension concerning its admissibility. It is not clear from the transcript what the final ruling was. We need not pass upon the question because, with or without it, the record falls short of establishing that measure of open, hostile holding out by plaintiffs' predecessor required to overcome the well-settled rule that a tenant in possession recognizes the rights of his cotenants. This rule was laid down in *Campau* v. *Campau*, 44 Mich 31. It is complemented by the holding in *Taylor* v. *S. S. Kresge Co.*, 326 Mich 580, 588, which quotes with approval *Donahue* v. *Vosper*, 189 Mich 78. Under some circumstances, a tenant in common may acquire title against his cotenants by adverse possession, but the proofs (thereof) must be clear and cogent and the case may not be made out by inference. The proofs in the instant case do not meet this test.

The decree of the trial court is reversed. Costs to the appellants.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.