WENGEL v WENGEL

Docket No. 263657. Submitted February 8, 2006, at Detroit. Decided
February 28, 2006, at 9:05 a.m. Leave to appeal denied, 476 Mich
___.

Sharon L. Wengel brought an action in the Macomb Circuit Court
against James Wengel, seeking to quiet title to realty of which the
plaintiff and the defendant are joint tenants with full rights of
survivorship. The plaintiff claimed sole title by adverse possession
against the defendant. The defendant counterclaimed for a parti-
tion and sale of the realty estate, for a return of personal property
that he had left on the realty, and for rent during his absence from
the realty. The court, Mary A. Chrzanowski, J., concluded that real
property held by joint tenants with full rights of survivorship
cannot be adversely possessed by one of the tenants because there
is a lack of the hostility required for adverse possession. The trial
court granted summary disposition for the defendant on the
plaintiff's claim of adverse possession and dismissed the defen-
dant's counterclaim. The plaintiff appealed.

The Court of Appeals *held*:

The circuit court erred in part in determining that the plaintiff
could not establish hostile, adverse possession against the defendant.
Joint tenancy with full rights of survivorship consists of a joint life
estate with contingent remainders. The life estate of one joint tenant
may be lost by adverse possession by another joint tenant, but the
contingent remainder of a joint tenant who loses his or her life estate
through adverse possession may not be affected by any act of the
adversely possessing joint tenant. A life tenant's possession cannot be
adverse to a contingent remainder because the remainderman does
not have a possessory interest until the death of the life tenant.

Affirmed in part, reversed in part, and remanded for entry of a
judgment for the plaintiff with regard to adverse possession of the
defendant's life estate interest and a judgment in favor of the
defendant relative to his contingent remainder.

REAL PROPERTY — ADVERSE POSSESSION — JOINT TENANTS WITH FULL RIGHTS OF
SURVIVORSHIP — LIFE ESTATES — CONTINGENT REMAINDERS.

Interests in real property held by joint tenants with full rights of
survivorship consist of a joint life estate with contingent remain-

ders; the life estate, but not the contingent remainder, of one such joint tenant may be lost by the adverse possession of another joint tenant.

*Stotz & Quayhackx, P.C.* (by *Thomas A. Stotz*), for the plaintiff.

*John J. Simon* for the defendant.

Before: DONOFRIO, P.J., and MURPHY and KELLY, JJ.

MURPHY, J. Plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant in this action involving a dispute over the ownership of real property. Plaintiff and defendant hold record title to the property, a homestead, as joint tenants with full rights of survivorship. Plaintiff commenced an action to quiet title, alleging, in part, that she had acquired sole title by virtue of adverse possession. The trial court summarily dismissed the action, finding that plaintiff could not establish, as a matter of law, the requisite elements of adverse possession, specifically, the element of hostility. The thrust of the parties' arguments on appeal concerns the issue whether the doctrine of adverse possession can be applied between cotenants in a situation in which their property is jointly owned with full rights of survivorship. A joint tenancy with full rights of survivorship is composed of a joint life estate with dual contingent remainders. *Albro v Allen,* 434 Mich 271, 275; 454 NW2d 85 (1990). We conclude that the doctrine of adverse possession is available to the occupying tenant to defeat the ousted cotenant's life estate interest held in the property, although a heightened level of proof is to be observed when addressing the issue. With respect to the life estate interest, a claim by the ousted life tenant to recover the property, thereby indicating a

desire to protect the interest, accrues at the time of the tenant's disseisin or wrongful ejectment, from which point the 15-year statutory period of adverse possession is measured. We further conclude, however, that the ousted life tenant's contingent remainder cannot be destroyed through adverse possession by the occupying life tenant because the statutory period in which to file an action to recover the property relative to that particular interest cannot commence to run, at a minimum, until the contingency occurs, i.e., the claim accrues at the death of the occupying life tenant, here plaintiff, which would mark the expiration of the precedent estate. In regard to defendant's life estate interest, the trial court erred in finding that plaintiff could not establish adverse possession for lack of hostility and erred in granting defendant's motion for summary disposition where the record reflects, as a matter of law, that the elements of adverse possession were admitted and satisfied, even observing a heightened level of proof. But, also as a matter of law, defendant's contingent remainder in fee simple remains intact. We reverse in part, affirm in part, and remand for entry of judgment in favor of plaintiff with regard to adverse possession of defendant's life estate interest and for entry of judgment in favor of defendant relative to his contingent remainder.

### I. FACTUAL BACKGROUND, ALLEGATIONS, AND PROCEDURAL HISTORY

Plaintiff and defendant met in 1972. The two became romantically involved, and defendant moved into plaintiff's home. In 1974, the parties moved into the disputed property, which was placed solely in plaintiff's name. Defendant maintained that he subsequently made improvements to the property and assisted with household expenses. In 1981, plaintiff, who had changed her name

but had not married defendant, transferred the property to defendant and herself "as joint tenants with full rights of survivorship." Defendant contended that he continued to make improvements to the property. In 1985, the parties had a disagreement, and defendant moved out of the home.[1] Defendant alleged in his counterclaim that plaintiff ejected him from the property and has exercised exclusive control and possession of the property. According to defendant, plaintiff refused to provide him with the rental value of the property and refused to sell the property. Defendant also alleged that plaintiff wrongfully retained possession of approximately $25,000 worth of his personal property.

Plaintiff alleged that, after defendant left the home, she told him that she intended to retain possession of the property and that "he should have his name removed from the property." According to plaintiff, defendant refused to do so and told her that he wanted $25,000 to release his interest. Plaintiff asserted that she has had exclusive physical possession of the property since 1985. She further maintained that, since 1985, she has performed all the maintenance, made all the mortgage payments, and solely paid the taxes with respect to the residence. Defendant does not appear to dispute these claims.

On May 12, 2004, plaintiff filed this action to quiet title. Plaintiff claimed that she had obtained exclusive title to the property through adverse possession because she had been in possession of the property since 1985 and the possession was actual, visible, open, notorious, exclusive, continuous, and uninterrupted for the requisite 15-year statutory period. Plaintiff also claimed that she should be awarded possession of the

---

[1] Plaintiff asserted that the split occurred when defendant left her for another woman and moved to Florida.

property because she conveyed an interest in the property to defendant in 1981, in exchange for defendant's agreement to live together and share all expenses, including the mortgage, taxes, insurance, and upkeep, but defendant refused to contribute toward any of the expenses and, therefore, the agreement failed for lack of consideration. Defendant's counterclaim alleged claims for partition and sale of the real property, conversion of his personal property, and recovery of reasonable rental damages.

The trial court ordered the parties to submit trial briefs on the issue whether the doctrine of adverse possession can be applied between cotenants in a joint tenancy with full rights of survivorship. At a hearing, the trial court determined that because the parties were joint tenants with rights of survivorship, plaintiff could not establish the element of hostility necessary to prove adverse possession. The trial court stated:

> Generally, hostile means that the use is inconsistent with the right of the owner, without permission asked or given, and would entitle the owner to a cause of action against the intruder. . . . In the present action, the parties are joint tenants with the right of survivorship, therefore, plaintiff's sole possession was not hostile. That's my finding. And the court cannot find that the theory of adverse possession would be applied to these circumstances.

The trial court granted summary disposition in favor of defendant with respect to plaintiff's claim of adverse possession. The trial court also dismissed, without prejudice, plaintiff's alternate theory to quiet title, which is best described as a breach of contract claim, and the court dismissed defendant's counterclaim without prejudice.

II. STANDARD OF REVIEW AND SUMMARY DISPOSITION TEST

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Koenig v South*

*Haven,* 460 Mich 667, 674; 597 NW2d 99 (1999). Actions to quiet title are equitable, and this Court reviews de novo equitable decisions. *Gorte v Dep't of Transportation,* 202 Mich App 161, 171; 507 NW2d 797 (1993).[2] Questions of statutory construction are also reviewed de novo. *Roberts v Mecosta Co Gen Hosp,* 466 Mich 57, 62; 642 NW2d 663 (2002).

The trial court did not specify the subrule of MCR 2.116(C) under which it granted the motion for summary disposition. We think it clear, however, that the court granted the motion upon reaching the legal conclusion that adverse possession cannot be pursued by a tenant against a cotenant in a joint tenancy with full rights of survivorship because the tenant seeking to advance the claim will be unable to show hostile possession as a matter of law. This ruling is akin to finding that plaintiff failed to state an actionable claim for adverse possession; therefore, MCR 2.116(C)(8) is implicated. MCR 2.116(C)(8) provides for summary dismissal of an action where the plaintiff "has failed to state a claim on which relief can be granted." A motion for summary disposition brought pursuant to MCR 2.116(C)(8) tests the legal sufficiency of the complaint solely on the basis of the pleadings. *Beaudrie v Henderson,* 465 Mich 124, 129; 631 NW2d 308 (2001). A C(8) motion should be granted if no factual development could possibly justify recovery. *Id.* at 130.

### III. GENERAL PRINCIPLES OF ADVERSE POSSESSION

The basis for a claim of adverse possession is found in MCL 600.5801, which provides, in pertinent part:

---

[2] We note that, in the context of a bench trial concerning equitable issues, this Court reviews the factual findings under the "clearly erroneous" standard. *Gorte, supra* at 171.

> No person may bring or maintain any action for the recovery or possession of any lands or make any entry upon any lands unless, after the claim or right to make the entry first accrued to himself or to someone through whom he claims, he commences the action or makes the entry within the periods of time prescribed by this section.

Generally, an action for the recovery or possession of land must be brought within 15 years after it accrues. MCL 600.5801(4); *Kipka v Fountain*, 198 Mich App 435, 438; 499 NW2d 363 (1993). The *Kipka* panel, addressing the principles of adverse possession, stated:

> A claim of adverse possession requires clear and cogent proof that possession has been actual, visible, open, notorious, exclusive, continuous, and uninterrupted for the statutory period of fifteen years. These are not arbitrary requirements, but the logical consequence of someone claiming by adverse possession having the burden of proving that the statute of limitations has expired. To claim by adverse possession, one must show that the property owner of record has had a cause of action for recovery of the land for more than the statutory period. A cause of action does not accrue until the property owner of record has been disseised of the land. MCL 600.5829. Disseisin occurs when the true owner is deprived of possession or displaced by someone exercising the powers and privileges of ownership. [*Kipka, supra* at 439 (citations omitted).]

Other cases additionally indicate that the possession must be hostile and under cover of a claim of right. *McQueen v Black*, 168 Mich App 641, 643; 425 NW2d 203 (1988), quoting *Connelly v Buckingham*, 136 Mich App 462, 467-468; 357 NW2d 70 (1984). "The term 'hostile' as employed in the law of adverse possession is a term of art and does not imply ill will"; rather, hostile use is that which is "inconsistent with the right of the owner, without permission asked or given," and which "would entitle the owner to a cause of action against

the intruder." *Mumrow v Riddle*, 67 Mich App 693, 698; 242 NW2d 489 (1976).

### IV. CONCURRENT OWNERSHIP AND GENERAL PRINCIPLES REGARDING JOINT TENANCIES WITH FULL RIGHTS OF SURVIVORSHIP

In Michigan, there are five common types or forms of concurrent ownership that are recognized relative to the ownership of real property, and those are tenancies in common, joint tenancies, joint tenancies with full rights of survivorship, tenancies by the entireties, and tenancies in partnership. 1 Cameron, *Michigan Real Property Law* (3d ed), Concurrent Ownership, § 9.1, p 310; see also *Albro, supra* at 274-275 (acknowledging and discussing ordinary joint tenancies and joint tenancies with full rights of survivorship); *Lilly v Schmock*, 297 Mich 513, 517; 298 NW 116 (1941) (acknowledging and discussing tenancies by the entireties); *Mable Cleary Trust v Edward-Marlah Muzyl Trust*, 262 Mich App 485, 493; 686 NW2d 770 (2004) (defining a tenancy in common); *Backowski v Solecki*, 112 Mich App 401, 406-411; 316 NW2d 434 (1982) (discussing partnership property interests as controlled by the Michigan Uniform Partnership Act, MCL 449.1 *et seq.*).[3]

All conveyances and devises of land made to two or more persons shall be construed to create a tenancy in common, and not a joint tenancy, unless expressly declared to be a joint tenancy; however, this rule does not apply to mortgages, nor to grants or devises made in

---

[3] MCL 554.43 provides:

Estates, in respect to the number and connection of their owners, are divided into estates in severalty, in joint tenancy, and in common; the nature and properties of which respectively, shall continue to be such as are now established by law, except so far as the same may be modified by the provisions of this chapter.

trust, made to executors, or made to a husband and wife. MCL 554.44 and 554.45.

In *Albro, supra,* our Supreme Court addressed the issue whether a tenant holding real property with a cotenant as joint tenants with full rights of survivorship can convey a life estate interest to a third person without the cotenant's consent. The Court undertook an extensive analysis of the characteristics of joint tenancies, both ordinary joint tenancies and joint tenancies specifically granting the rights of survivorship. A standard or ordinary joint tenancy is characterized by the four unities, which are (1) unity of interest, (2) unity of title, (3) unity of time, and (4) unity of possession. *Id.* at 274. The chief characteristic of such a joint tenancy is the right of survivorship, which means that upon the death of one of the joint tenants, the surviving tenant(s) takes or assumes ownership of the whole estate. *Id.* at 274-275. However, in an ordinary joint tenancy, the right of survivorship can be destroyed by severance of the joint tenancy through an act of one tenant by such means as conveyance to a third party or by levy and sale, and the remaining joint tenant or tenants and the grantee then become tenants in common. *Id.* at 275.[4]

On the other hand, a joint tenancy with full rights of survivorship is created by express language directly referencing words of survivorship as contained in the granting instrument, and this tenancy is composed of a

---

[4] "[A] tenancy in common exists where two or more persons hold possession of lands and tenements at the same time by several and distinct titles[.]" *Cleary Trust, supra* at 493, citing *Fenton v Miller,* 94 Mich 204, 214; 53 NW 957 (1892). Although tenants in common hold ownership of the property by distinct titles, there is a unity of possession. *Fenton, supra* at 214; see also Cameron, *supra* at § 9.4, p 311. A right of survivorship does not exist in tenancies in common. *Id.*

joint life estate with dual contingent remainders. *Id.*[5] The operative contingent remainder is in fee simple. *Id.* at 278. "While the survivorship feature of the ordinary joint tenancy may be defeated by the act of a cotenant, the dual contingent remainders of the 'joint tenancy with full rights of survivorship' are indestructible." *Id.* at 275-276. The contingent remainder of a cotenant is not subject to being destroyed by the actions of the other cotenant. *Id.* at 276.

The *Albro* Court reached the following conclusion:

> The interest which was conveyed by the deed to Carol Allen and Helen Albro "as joint tenants with full rights of survivorship" was a joint life estate with dual contingent remainders. The contingent remainder of either cotenant may not be destroyed by any act of the other. Thus, we hold that either cotenant may transfer her interest in the joint life estate and such a transfer has no effect on the contingent remainders. Upon the death of either of the original cotenants, the other cotenant, or any person to whom she has transferred her contingent remainder, takes the whole estate. We further hold that the joint life estate may be partitioned without affecting the contingent remainders. [*Id.* at 287.]

The *Albro* Court's ruling reflected a change in the law in that the Court reconsidered the rule against partition of a joint life estate with dual contingent remainders, concluding "that the 'joint life estate' element may be partitioned without doing violence to the contingent remainders." *Id.* at 282.

With this background on adverse possession and concurrent forms of ownership, we now proceed to our discussion and analysis regarding the interplay of the two.

---

[5] Examples given of language creating this type of joint tenancy include: "and to the survivor of them," "to them and the survivor of them," "or survivor of them," "with right of survivorship," or "with full rights of survivorship[.]" *Albro, supra* at 275 (citations omitted).

V. DISCUSSION AND ANALYSIS

In *Campau v Campau*, 45 Mich 367; 8 NW 85 (1881), our Supreme Court, reiterating its previous ruling in the case, indicated that ownership by adverse possession may be obtained by a tenant against his or her cotenant in the context of a tenancy in common. The *Campau* Court stated:

> [A]s between tenants in common, a claim of adverse possession by one should not be of doubtful character, but clear and unambiguous. The reason of this is that the possession itself is rightful, and does not imply adverse possession as would that of a stranger, so that the presumption of possession in recognition of the rights of co-tenants must be overcome by acts and declarations clearly inconsistent therewith brought home to the co-tenants. [*Id.* at 368.]

As reflected in *Campau*, a claim of adverse possession by a tenant against a cotenant, both sharing ownership interests in the property at issue, is not comparable to the usual scenario in which adverse possession arises, because, in the typical case, the person claiming adverse possession is occupying or possessing property to which he or she has no legal right to possess and which is titled in the name of another, making it easier to identify and determine hostile occupation, as compared to a situation in which there exists concurrent ownership. This distinction is elaborated in *Weshgyl v Schick*, 113 Mich 22, 23; 71 NW 323 (1897), in which the defendant claimed ownership by adverse possession and the Michigan Supreme Court stated:

> The undisputed testimony, then, in the case, shows that the plaintiff was the owner of the undivided one-third from the death of his grandfather, and that he attained his majority in 1885. Defendant claims that he [the plaintiff] was ousted at an earlier date, by having notice brought home to him that he (defendant) claimed the entire prop-

erty. The court charged the jury that the fact that the
defendant himself occupied the place would not be suffi-
cient to constitute adverse possession, and that in the case
of a co-tenancy the mere holding of possession for 15 years
would not be sufficient notice to a co-tenant of a claim to
the whole. But he further charged the jury that, if the boy
[the plaintiff] was distinctly notified,—if he was notified in
such shape that he must have known that his uncle (the
defendant) was claiming to own the land absolutely,—his
adverse possession would begin to run, and that, in order
that the defendant should acquire title, there must have
been 15 years' possession after this notice was given to
plaintiff, and left it to the jury to determine whether that
period of 15 years had run or not. We think this instruction
sufficiently favorable to defendant, and that it fairly cov-
ered the law of the case.

Accordingly, there is a presumption, in the context of
a claim of adverse possession, that a tenant who occu-
pies and possesses the premises recognizes and is hon-
oring the rights of any cotenants to similarly possess
and occupy the property unless there is evidence of acts
or declarations that clearly establish the contrary and
that unambiguously provide notice to the cotenants of
an effort to displace or exclude them from the premises
in violation of their property rights such that a cause of
action arises. See *Taylor v S S Kresge Co*, 326 Mich 580,
588-589; 40 NW2d 636 (1950); *Donohue v Vosper*, 189
Mich 78, 90-91; 155 NW 407 (1915), aff'd 243 US 59; 37
S Ct 350; 61 L Ed 592 (1917); *Campau v Campau*, 44
Mich 31, 34; 5 NW 1062 (1880) (all doubts arising out of
the nature and character of the possession should weigh
against ouster); *Krueger v Hackley Union Nat'l Bank &
Trust Co*, 5 Mich App 362, 365-366; 146 NW2d 691
(1966). While a tenant in common may acquire title
against a cotenant by adverse possession, the proofs
may not be made out by inference. *Horbes v Ahearn*, 369
Mich 423, 427; 120 NW2d 215 (1963).

In *Krueger, supra* at 366-367, this Court stated:

> The law of adverse possession as between cotenants is thoroughly discussed in 82 ALR2d 5, where at pp 23 and 24 the author of that annotation summarizes:
>
> "A cotenant, whether a tenant in common or a joint tenant, may undoubtedly hold the common premises adversely to his cotenant or cotenants, and in such fashion as eventually to ripen his claim into title against them, even though his possession was commenced amicably as a cotenant. To establish that his possession was adverse he must show that at the time in question he was personally, or by tenant or agent, in actual possession of the premises, or of the particular and sufficiently defined part of the premises to which he makes claim, that he intended an actual adverse possession operative as of that time, that he did in fact hold and claim the premises adversely, and lastly, that his cotenant or cotenants had knowledge or notice of that fact. In short, there are but three elements to be established: (1) the intent; (2) the adverse possession in fact; and (3) the knowledge or notice."

It is abundantly clear from the case law that a tenant can acquire sole ownership of property by invoking the doctrine of adverse possession against a cotenant or cotenants, where the estate is a tenancy in common, although there is a heightened level of proof necessary to establish the claim.

The specific question posed to us today, however, which does not appear to have been previously addressed by the appellate courts of this state, is whether the doctrine of adverse possession can be extended to equally apply in joint tenancies with full rights of survivorship.

We begin our examination of this issue by focusing on the life estate interest that is created when property is held jointly with rights of survivorship. As indicated in *Albro, supra* at 275, a joint tenancy with full rights of

survivorship is composed of a joint life estate with dual contingent remainders. "Estates in lands are divided into estates of inheritance, *estates for life*, estates for years, and estates at will and by sufferance." MCL 554.1 (emphasis added).

> A life estate is a freehold estate but not an estate of inheritance. MCL 554.2, .5. It is an estate in possession. MCL 554.7-.8. A life estate is one in which the owner of the interest is entitled to possess and enjoy the real estate during his or her own life or during the life of a third person or persons. [MCL 554.6]. A life estate to a class collectively creates an estate for one life only—the life of the one who lives the longest. *Rendle v Wiemeyer*, 374 Mich 30; 131 NW2d 45 (1964). The remaining portion of the fee simple, other than the life estate, is a remainder. *See* MCL 554.11. [Cameron, *supra,* Estates, § 7.8, p 263.][6]

Therefore, plaintiff's 1981 conveyance of the property to herself and defendant as "joint tenants with full rights of survivorship" gave each of them a possessory, freehold estate with an immediate right to occupy the property. The joint life estate would cease upon the

---

[6] This passage from Cameron relies on various statutory provisions that we will quote. "Every estate of inheritance shall continue to be termed a fee simple, or fee; and every such estate, when not defeasible or conditional, shall be a fee simple absolute, or an absolute fee." MCL 554.2. "Estates of inheritance and for life shall be denominated estates of freehold; estates for years shall be denominated chattels real; and estates at will or by sufferance shall be chattel interests, but shall not be liable as such to sale on executions." MCL 554.5. "An estate for the life of a third person, whether limited to heirs or otherwise, shall be deemed a freehold only during the life of the grantee or devisee, but after his death it shall be deemed a chattel real." MCL 554.6. "Estates, as respects the time of their enjoyment, are divided into estates in possession, and estates in expectancy." MCL 554.7. "An estate in possession, is where the owner has an immediate right to the possession of the land; an estate in expectancy is where the right to the possession is postponed to a future period." MCL 554.8. "When a future estate is dependent upon a precedent estate, it may be termed a remainder, and may be created and transferred by that name." MCL 554.11.

death of either party, leaving the surviving party the whole estate in fee simple. MCL 600.5801 provides that a person may maintain an action to recover property within 15 years after the claim first accrued. In general, a claim to recover land accrues at the time of a party's disseisin.[7] MCL 600.5829(1). Accordingly, when defendant was disseised or wrongfully deprived of the property in 1985, at which time he had a right of possession, the 15-year period of limitations began ticking with respect to defendant's opportunity to initiate a civil action, whether through summary proceedings or standard proceedings, to recover possession. Thus, under a fair and reasonable reading of the various statutes concerning estates in land and the limitations of actions, the doctrine of adverse possession would appear to be available to plaintiff with respect to defendant's life estate interest and the deprivation of that interest; we see nothing that precludes application of the doctrine.

Moreover, a ruling that one may adversely possess property against the holder of a life estate finds support in the case law. We first note that it is well settled that the life estate itself is freely transferable. *Albro, supra* at 280. The Supreme Court stated in support of this proposition that Michigan has a strong public policy against restraints on alienation. *Id.* at 281, citing *Mandlebaum v McDonell*, 29 Mich 78 (1874), and *Braun v Klug*, 335 Mich 691; 57 NW2d 299 (1953). In *Watkins v Green*, 101 Mich 493, 497; 60 NW 44 (1894), our Supreme Court ruled that a tenant is not precluded from establishing adverse title against a cotenant, and it recognized that a life estate interest can be lost by adverse possession. Additionally, a life tenant, such as

_____

[7] "Disseisin" means "[t]he act of wrongfully depriving someone of the freehold possession of property[.]" Black's Law Dictionary (7th ed).

plaintiff, may, in general and without reaching any interest in remainder, establish a claim for adverse possession. See *Felt v Methodist Ed Advance*, 251 Mich 512, 516-517; 232 NW 178 (1930); *Lowry v Lyle*, 226 Mich 676, 682-683; 198 NW 245 (1924); Cameron, *supra*, Estates, § 7.8, pp 263-264.

For the reasons stated above, we hold that a life estate interest can be lost by adverse possession and that it can be lost in the context of a joint tenancy with full rights of survivorship. The more difficult issue that presents itself concerns the "dual contingent remainders" aspect of a joint tenancy with full rights of survivorship.

In relation to their time of enjoyment, estates are divided into estates in possession and estates in expectancy, and estates in expectancy, denominated as future estates and reversions, exist where the right to possession is postponed until a future date. MCL 554.7, MCL 554.8, and MCL 554.9. "A future estate is an estate limited to commence in possession at a future day, either without the intervention of a precedent estate, or on the determination, by lapse of time or otherwise, of a precedent estate, created at the same time." MCL 554.10. A remainder is created when a future estate is dependent upon the precedent estate. MCL 554.11. Future estates are contingent "whilst the person to whom, or the event upon which they are limited to take effect remains uncertain." MCL 554.13. Valid future estates are not void on the basis of the probability or improbability of the contingency. MCL 554.26. "When a remainder on an estate for life . . . shall not be limited on a contingency, defeating or avoiding such precedent estate, it shall be construed as intended to take effect only on the death of the first taker[.]" MCL 554.29. "Expectant estates are descendible, devisable and alien-

able, in the same manner as estates in possession." MCL 554.35. Contingent remainders are not possessory estates. *Albro, supra* at 284-285.[8] Although a joint tenant with rights of survivorship can achieve partial partition through conveyance of the life estate, the partition does not affect the contingent remainders. *Id.* at 282, 287. Furthermore, "[a] cotenant's contingent remainder cannot be destroyed by an act of the other cotenant." *Id.* at 276; see also *Townsend v Chase Manhattan Mortgage Corp*, 254 Mich App 133, 136; 657 NW2d 741 (2002) (no act of a cotenant can defeat the other cotenant's right of survivorship).

With respect to life estates in general, a contingent remainder cannot be destroyed by any act of the holder of the preceding life estate. *Albro, supra* at 279. Our Supreme Court in *Rendle, supra* at 44, similarly noted that the established general rule is that a life tenant's possession cannot be adverse to a remainderman. A life tenant cannot acquire adverse rights against any remaindermen, nor hold the property adversely to the remaindermen before the end of the life estate. *Lowry,*

---

[8] Black's Law Dictionary (7th ed) provides the following definition of and information regarding the term "contingent remainder":

A remainder that is either given to an unascertained person or made subject to a condition precedent. An example is "to A for life, and then, if B has married before A dies, to B." . . .

"Unlike a vested remainder, a contingent remainder is *either* subject to a condition precedent (in addition to the natural expiration of a prior estate), *or* owned by unascertainable persons, *or both.* But the contingent remainder, like the vested remainder, 'waits patiently' for possession. It is so created that it can become a present estate (if ever it does) immediately upon, and no sooner than, the natural expiration of particular estates that stand in front of it and were created simultaneously with it." Thomas F. Bergen & Paul G. Haskell, *Preface to Estates in Land and Future Interests* 73 (2d ed. 1984). [Emphasis in original.]

*supra* at 682. Adverse possession relative to the remaindermen's rights does not commence until their right of entry and possession accrues, which occurs at the death of the life tenant. *Id.* The *Lowry* Court adopted the following rationale from *Allison v White*, 285 Ill 311, 323; 120 NE 809 (1918):

> "The possession of land by a tenant for life cannot be adverse to the remainder-man or reversioner, and the possession of a grantee of the life estate, even under a deed purporting to convey the fee, cannot be adverse so as to set the Statute of Limitations in operation against the remainder-man or reversioner. The possession of the life tenant is consistent with and not adverse to the estate in remainder and in contemplation of law is the possession of the remainder-man, who has no right of entry and cannot bring an action for the possession until the termination of the life estate." [*Lowry, supra* at 682-683 (citations omitted).]

A contingent remainderman does not have a present right of possession that "would entitle [him or her] to a cause of action against the intruder." *Mumrow, supra* at 698; see also *Bentley v Cam*, 362 Mich 78, 82; 106 NW2d 528 (1960). MCL 600.5829(3), which addresses the accrual of a claim by a remainderman, provides:

> When there is an intermediate estate, and in all other cases where the party claims by force of any remainder or reversion, his claim accrues when the intermediate or precedent estate would have expired by its own limitation, notwithstanding any forfeiture of the intermediate or precedent estate for which he might have entered at an earlier time.

Both *Albro* and *Lowry* relied on the following statutory language found in MCL 554.32:

> No expectant estate can be defeated or barred by any alienation or other act of the owner of the intermediate or

precedent estate, nor by any destruction of such precedent estate by disseizin, forfeiture, surrender, merger, or otherwise.[9]

In *Lowry, supra* at 684, the Court noted that "[t]his statute was enacted to abrogate the common-law rule, under which it was possible for a life tenant to defeat a contingent remainder by a deed of feoffment with livery of seizin." (Citations omitted.)

The statutes and the case law make clear that the contingent remainder interest held by defendant in the case at bar could not be destroyed by adverse possession because a claim to recover possession of the property on the basis of said interest, or defendant's status as a remainderman, would not accrue, if at all and at a minimum, until the occurrence of the contingency, which is plaintiff's death, or, in other words, the expiration of the precedent estate. A life tenant's possession cannot be adverse to a remainderman. The 15-year statutory period would not commence running against defendant until a cause of action accrued in which defendant sought to enforce his rights as the holder of the contingent remainder, which interest, at the time of plaintiff's death, would vest and leave defendant with a fee simple. This is, of course, assuming that plaintiff predeceases defendant. If defendant dies first, plaintiff would hold sole legal title in fee simple. Only if defendant failed to commence an action within 15 years of plaintiff's death, against whomever might conceivably

---

[9] Further, MCL 554.34 provides:

No remainder, valid in its creation, shall be defeated by the determination of the precedent estate, before the happening of the contingency on which the remainder is limited to take effect; but should such contingency afterwards happen, the remainder shall take effect in the same manner, and to the same extent, as if the precedent estate had continued to the same period.

be adversely possessing the property, if indeed anyone did so, might defendant's interest in the property be lost by adverse possession. While plaintiff could adversely possess defendant's life estate interest in the property, she could not adversely possess his contingent remainder interest. Plaintiff, as life tenant, simply could not defeat defendant's contingent remainder.

Although we are hesitant to reach this conclusion because, absent some agreement between the parties, it will hinder plaintiff's ability to convey or alienate the property should she wish to sell the home in the future, our holding is necessitated by the legal authorities discussed above. We have contemplated an attempt to distinguish the case from the referenced case law and statutes on the basis that defendant is not only a remainderman, but a life estate holder, as opposed to situations where the remainderman does not have any present possessory interest whatsoever and has nothing to do with the property during the lifetime of the life estate holder. Thus, defendant had some property interest that was potentially subject to adverse possession as soon as he was excluded from the property, and the period of limitations began running on enforcing that interest, yet he failed to act. One might argue that the failure to initiate a court action to recover the property or enforce his property rights within 15 years should negate or destroy not only his life estate interest but also the contingent remainder. However, taking such a position would be contrary to the dual property interests created by a joint tenancy with full rights of survivorship, i.e., a life estate and a contingent remainder in fee simple, as recognized in *Albro*, and would offend the plain language of MCL 600.5829(3) and MCL 554.32. From a practical perspective, it would be reasonable for a disseised cotenant, being legally advised or having knowledge with regard to the meaning of "rights

of survivorship," to decide to refrain from engaging in a costly legal battle or other confrontation with an occupying life tenant, deciding instead to take peaceful possession by invoking his or her rights predicated on the contingent remainder upon the death of the life tenant. It would be inconsistent with the law to rule that the disseised cotenant's contingent remainder had been defeated by the life tenant's adverse possession when the cotenant's ability to invoke rights associated with the remainder would not accrue until the life tenant's death.

We further hold that plaintiff established as a matter of law a claim for adverse possession as it pertained to defendant's life estate. Consistent with the principles applicable to adverse possession and tenancies in common, a heightened level of proof is necessary to establish adverse possession of the life estate in the context of a joint tenancy with full rights of survivorship. Not only must a tenant show possession that was actual, visible, open, notorious, exclusive, continuous, hostile, and uninterrupted for the statutory period, *Kipka, supra* at 439 (excludes "hostile"); *McQueen, supra* at 643 (includes "under a claim of right") the tenant must intend to possess the premises to the exclusion of his or her cotenant, and the cotenant must have knowledge or notice of this intent as clearly evidenced by acts or declarations, *Taylor, supra* at 588-589; *Donohue, supra* at 90-91; *Weshgyl, supra* at 23; *Krueger, supra* at 365-366. With respect to the element of hostility, this simply means that the possession must be inconsistent with the rights of the owner. *Mumrow, supra* at 698.

Here, we first note that defendant's answer to plaintiff's complaint does not reference paragraph 9 of the complaint in which plaintiff alleged that her possession satisfied the elements of adverse possession, which

elements are listed. Next, defendant stated in his counter-claim that plaintiff "ejected [him] from the premises and exercised exclusive control and possession to the subject property." Defendant further asserted that plaintiff "has refused the sale of the described property and has had the full and unfettered possession of the entire property[.]" Defendant additionally claimed that plaintiff refused to give him the reasonable rental value of his interest in the property for which he sought compensation dating back to 1985. Even with respect to defendant's allegations regarding personal property contained in the home, he contended that plaintiff "has exercised dominion and control" over personal property. In defendant's trial brief, he stated, "In 1985, . . . the [p]laintiff made the [d]efendant leave the home[.]" Moreover, in his appellate response brief, defendant makes no claim that, factually, the elements of adverse possession were not established; rather, he focuses solely on the legal argument that adverse possession is inapplicable where there exists a joint tenancy with full rights of survivorship. The trial court's determination that plaintiff could not establish hostile possession of the property was based on its erroneous conclusion that a tenant in a joint tenancy with full rights of survivorship cannot maintain a claim for adverse possession against a cotenant.

On this record, we conclude, as a matter of law, that plaintiff adversely possessed the property relative to defendant's life estate, even observing a heightened level of proof. Defendant has effectively conceded in his pleadings that the elements of adverse possession were satisfied, and he has not disputed plaintiff's argument that, factually, adverse possession was established for the statutory period. Accordingly, defendant does not have any right of possession during plaintiff's lifetime, and only if plaintiff predeceases defendant may defendant exercise his rights pursuant to his contingent

remainder and enter into sole possession and ownership in fee simple. If defendant predeceases plaintiff, she shall hold sole ownership in fee simple.

## VI. CONCLUSION

We hold that the doctrine of adverse possession is available to the occupying tenant to defeat the ousted cotenant's life estate interest held in the property, although a heightened level of proof is to be observed when addressing the issue. With respect to the life estate interest, a claim by the ousted life tenant to recover the property, thereby indicating a desire to protect the interest, accrues at the time of the tenant's disseisin or wrongful ejectment, from which point the 15-year statutory period of adverse possession is measured. We further hold, however, that the ousted life tenant's contingent remainder cannot be destroyed through adverse possession by the occupying life tenant because the statutory period to file an action to recover the property relative to that particular interest cannot commence, at a minimum, until the contingency occurs, i.e., the claim accrues at the death of the occupying life tenant, here plaintiff, which would mark the expiration of the precedent estate. In regard to defendant's life estate interest, the trial court erred in finding that plaintiff could not establish adverse possession for lack of hostility, and erred in granting defendant's motion for summary disposition, where the record reflects, as a matter of law, that the elements of adverse possession were admitted and satisfied, even observing a heightened level of proof. But, also as a matter of law, defendant's contingent remainder in fee simple remains intact.

Accordingly, defendant does not have any right of possession during plaintiff's lifetime, and only if plain-

tiff predeceases defendant may defendant exercise his rights pursuant to his contingent remainder and enter into sole possession and ownership in fee simple. If defendant predeceases plaintiff, she shall hold sole ownership in fee simple.

We reverse in part, affirm in part, and remand for entry of judgment in favor of plaintiff with regard to adverse possession of defendant's life estate interest and for entry of judgment in favor of defendant relative to his contingent remainder. We do not retain jurisdiction.